CASE 33—EQUITY—MARCH 25, 1882.

# Anderson v. West, &c.

APPEAL FROM GRAVES CIRCUIT COURT.

1. Appellee bought a tract of land sold under execution upon replevin bond, which was the property of one of the principals on the bond. Without inquiry as to liens upon the land, he is the best bidder. *Held*—that he bid, in the absence of fraud, at his own risk, and cannot recover the loss incurred by his bid from appellant, the surety on the replevin bond.

2. The purchaser of the land discharged the execution, and there is no rule of equity which compels the surety on the bond to make good to him losses voluntarily incurred.

A. R. BOONE FOR APPELLANT.

1. Appellee's petition shows no cause of action.

2. It was the duty of appellee to ascertain, by proper inquiry at the clerk's office of the Graves county court, the amount of liens upon the land he desired to purchase. Failing to do this, he made his purchase at his own risk, in so far as appellant is concerned, and cannot recover against him. (Eaker v. West, MS. Opin., 1879.)

E. W. HINES FOR APPELLANT.

1. The case of Covington Bridge Co. v. Walker, 2 Duv., 150, is conclusive of this.

2. Appellee chose to bid without inquiry, and purchased simply the title the execution debtor had, and if that interest was not so valuable as he expected, he has no cause of action against appellant as surety on the replevin bond. (Dougherty v. Linthicum, 8 Dana, 198; Bowyer v. Lincoln, MS. Opin., Dec., 1881; Newman v. Hazelrigg, 1 Bush, 414.)

W. M. SMITH FOR APPELLANT.

1. The question of notice has been passed upon in this case. (Eaker v. West, MS. Op., 1879.)

2. The sale was not invalid because the sheriff failed to make his levy subject to Yancy Eaker's lien. (Thompson v. Heffner, 11 Bush, 363; sec. 1, art. 14, chap. 38, Gen. Stat.; 77 Ill., 151; 74 N. C., 278.)

3. Appellant bid at his own risk, choosing to make no inquiry as to liens.

W. W. TICE FOR APPELLEE.

To require purchasers of land under execution to search recording offices to ascertain titles to it, or pending liens upon it, would impose upon

· them an amount of labor which it is the duty of the sheriff to perform. The doctrine of *caveat emptor* does not apply to this case. (Wolford v. Phelps, 2 J. J. Mar., 31 ; McGee v. Ellis, 4 Litt., 245; Weisiger v. McClure, 5 J. J. Mar., 291 ; White v. Park, 5 *Ib.*, 605 ; Harrison v. Shanks, 13 Bush, 620; Gen. Stat., 257.)

CROSSLAND & CROSSLAND for appellee Thomas.

It is evident that appellee Thomas is released. (7 B. Mon., 468; 3 Bibb, 467.; 11 B. Mon., 218; 6 Bush, 647; 13 *Ib.*, 366; 8 *Ib.*, 384; 4 *Ib.*, 580; 3 *Ib.*, 208; 9 B. Mon., 236; 6 J. J. M., 330; 7 *Ib.*, 582; 3 Dana, 592; Brant on Suretyship, secs. 378-'9, sec., 27.)

JUDGE PRYOR delivered the opinion of the court.

In May, 1872, an execution issued from the Graves circuit court in favor of T. I. Pinyear, as sinking fund commissioner of Graves county, against John Eaker, R. K. Williams, and others, for several thousand dollars. This execution was replevied by the defendants, with the appellant, Lucien Anderson, as their surety. Payments were made, reducing the principal debt, and for the balance remaining unpaid an execution was issued on the replevin bond, and levied upon a tract of 160 acres of land as the property of John Eaker, the principal obligor. The levy was made subject to a mortgage of $500, executed to Samuel Story upon a part of the land. The land was appraised at $18 per acre, and was sold by the sheriff for the sum of $600, the appellee West being the purchaser. At the time of the sale there was a vendor's lien on a part of the tract in favor of one Yancy Eaker for $1,800, making the entire liens $2,300. The parties holding the liens, by proper proceedings subjected the property to the lien debts, and when sold, after satisfying the liens, there was only about two hundred dollars of the purchase-money left for the appellee West, who was the purchaser under the original sale, and who acquired title subject to the liens then existing upon the land. West then filed his petition in equity, alleging the existence of the liens on the

Anderson v. West, &c.

property at the time of the purchase, the sale of the land to satisfy those liens, and seeks to recover from Anderson, the appellant, who was surety on the replevin bond, the amount of his loss by reason of his purchase, alleging that he had no notice in fact of the existence of the lien for $1,800, and having paid the debt, or contributed to pay it, for which Anderson was liable, the latter must make up to him the loss he had sustained. The chancellor below adjudged that in equity the appellant was liable, and required the surety on the replevin bond to pay to the appellee West the sum he had lost by reason of his purchase.

Anderson, the surety, alleges that, at the time of the purchase by the appellee West, the deed retaining a lien on this land was of record in the Graves county clerk's office, and that the appellee had constructive notice of its existence. It appears that the deed had been lodged for record, and that it retained a lien for the $1,800. There is no allegation of any fraud or misrepresentation made by the appellant, or any of the original debtors, by which the appellee was induced to make the purchase; nor is there any question as to the title of the execution debtor to the property sold, except as to the incumbrances upon it. So it is manifest that the appellee acquired by his purchase a lien on the land for the purchase-money, with interest at ten per cent. per annum from the day of sale, subject to the prior incumbrances.

There is no pretense that there was nothing to sell, or that the sheriff had sold property to which the execution debtor had no title. It may be regarded as settled, that where property has been sold as the property of the debtor, and it turns out that the debtor had no title, and the purchaser having paid the debt loses the property, he may sue

the debtor, and recover the amount paid for him; but whether this is that character of case, so far as the principal debtor is concerned, is not material to inquire, as he is not before this court, and is making no question as to the right of recovery as against him by the appellee. It is the surety on the replevin bond who is complaining of the judgment by which he has been compelled to refund the money paid by the purchaser, and we cannot well see upon what rule of equity he is made to indemnify the purchaser.

He offered no inducement to the appellee to make the purchase, and the latter acquired all the rights of a purchaser subject to the encumbrances. It was as much and more the duty of the appellee to investigate the condition of the title than that of the surety in the replevin bond. He was about to purchase this property for cash, subject to the mortgage lien of $500, of which he had actual notice by the levy itself, and the conveyance retaining a lien for the $1,800 had been lodged for record, of which he was required to take notice, certainly in so far as it affects the rights of this surety. He was getting a tract of land valued at $2,900 for $600, subject, as he supposed, to the lien of $500 only, and when he finds a lien for $1,800 more, permits the sale by which his speculation is ended, and then looks to one for indemnity whose claim upon the chancellor for protection is superior to his. When fraud is practiced by the sheriff by selling that to which he knew no title existed in the debtor, he might and should be held liable, or where the plaintiff in the execution, by false representations, induces the purchase, he would be liable; but the sheriff, as decided by this court, in the case of Harrison v. Shanks, 13 Bush, does not, by implication of law, warrant the title to the property sold, nor can the plaintiff in the execution be held liable

Anderson v. West, &c.

when he has done nothing more than pursue the legal remedy for his debt, and it is therefore incumbent on the purchaser to make inquiry as to the nature of the title before he makes the purchase. But in this case there is no doubt about the title, and the appellee made the purchase with his eyes open, so far as this surety is concerned, and he is without remedy as against him. But for the purchase made by the appellee, the surety could have fully indemnified himself by discharging the liens for $2,300 and obtaining land valued at or near $2,900. The appellee had invested $600 in this land, subject to the liens upon it, and if he was actually ignorant of the existence of these liens, it was the result of his own laches. The law gives him knowledge of the lien retained in the conveyance of record, or filed for record in the county clerk's office, and that the land was not as valuable as he supposed, or the speculation terminated in loss, are results to be attributed to his own want of diligence, and for which he alone, so far as this surety is concerned, is responsible.

Eaker, at the time of the levy, had the legal title. It was subject to sale, and the sale valid, and the appellee acquired a lien for his purchase-money subordinate to other liens, of which he was by law compelled to take notice, and therefore he has no equitable claim against this surety; nor do we adjudge, as the question is not before us, that if no title existed, the appellee had a remedy against the surety on the replevin bond.

The judgment is therefore reversed, and cause remanded, with directions to dismiss the petition as against the appellant.

(Cov. and Cin. Bridge Co. v. Walker, 1 Duvall; Harrison v. Shanks, 13 Bush; N. Y. Eaker v. West, MS. Opinion, part of this record.)