O. C. CHAPMAN, *et al.*, v. MARY M. BLAKEMAN.

1. POWER OF DISTRICT COURTS; *Ex parte Proceedings.* The district courts have the power to grant relief by summary application, upon a motion to set aside an entry of satisfaction of a judgment where such satisfaction has been fraudulently obtained; but if the evidence is conflicting upon the material questions of fact arising upon the motion, the party seeking relief should be left to an action, rather than have the court determine the questions upon *ex parte* affidavits.

2. EVIDENCE; *Declarations of a Co-conspirator.* The declaration of an alleged co-conspirator is incompetent to prove the conspiracy, and the statements of an alleged co-conspirator made out of court cannot be introduced from another witness to support or fortify his testimony.

*Error from Marion District Court.*

AT the April Term for 1881, *Mary M. Blakeman* recovered a judgment against *O. C. Chapman* and *Martha Chapman* for the

sum of $1,259.02, and the firm of Crane & Brewerton recovered judgment against O. C. Chapman and one S. Harrison for $816.11, which judgments aggregated $2,075.13. The firm of Crane & Brewerton were the financial agents of Mary M. Blakeman, and R. M. Crane was an attorney at law and her attorney, and as such attorney he obtained the judgment against O. C. Chapman and Martha Chapman. On July 27, 1881, the firm of Crane & Brewerton took a deed from Chapman and wife to a quarter-section of land on which these different judgments were liens, and Crane, as a member of the firm of Crane & Brewerton and as attorney for Mary M. Blakeman, in consideration of said deed, acknowledged satisfaction of all the judgments on the judgment docket of the district court. On October 27, 1881, Mary M. Blakeman filed a motion in the district court — entitling it as of the original action between Mary M. Blakeman and the Chapmans — to set aside the entry of satisfaction made by her attorney, R. M. Crane, of her judgment against the Chapmans, on the ground of fraud practiced by them. A notice of this motion was served upon O. C. Chapman and Martha Chapman, November 3, 1881. On the 5th day of that month, the Chapmans made a special appearance, and filed a motion to dismiss the motion of Mary M. Blakeman, on the ground that the court had no jurisdiction to hear and determine the questions involved upon a motion in a summary manner. The motion to dismiss was overruled, and exceptions taken. The Chapmans then filed a motion to require Mary M. Blakeman to make her motion more definite and certain, by pleading in regular form and in detail the facts constituting their alleged fraud. This motion was also overruled, and exceptions taken. The Chapmans then demurred to Mary M. Blakeman's motion. The demurrer was likewise overruled, and exceptions saved thereto. The case then came on for trial by the court, and the court found for Mary M. Blakeman. It rendered judgment setting aside the satisfaction of the judgment of Mary M. Blakeman, entered on the docket by her attorney, but ordered that the judgment should not take effect until Mary M. Blakeman

caused a quitclaim deed from R. M. Crane, A. W. Brewerton and their wives, to be executed, acknowledged and deposited with the clerk of the trial court, reconveying the land deeded to Crane & Brewerton to O. C. Chapman. The Chapmans made a motion for a new trial, which was also overruled; and they now bring the case here.

*L. F. Keller*, and *T. A. Bogle*, for plaintiffs in error.

*Frank Doster*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The first question presented in this case for determination is: Did the court below err in proceeding to hear the matter before it on motion? The practice of granting relief, in cases of this nature, by summary application upon motion, is fully established. (*McDonald v. Falvey*, 18 Wis. 599, and cases there cited; *Wilson v. Stilwell*, 14 Ohio St. 464; *McGregor v. Comstock*, 28 N. Y. 237.) In many of the courts, however, it is held that where the evidence is conflicting upon material questions of fact arising upon the motion, the party seeking relief should be left to an action, provided it can be obtained in that form, rather than determine the question upon *ex parte* affidavits. (*McDonald v. Falvey*, supra; *Hill v. Herman*, 59 N.Y. 396.) In this case the latter authorities do not apply, as every question of fact was heard upon oral evidence in open court, and the witnesses subjected to cross-examination.

We do not think the court erred in refusing to make the motion more definite and certain, because it alleged that the entry of satisfaction was sought to be set aside on account of the fraud of the said O. C. Chapman, and the precise nature of the fraud was shown by the affidavit of Joseph Sylvester filed along with the motion, and of this affidavit the defendants were notified by a notice specially calling their attention to the same long before the motion was called for hearing.

The most serious question in the case is the ruling of the court in admitting the evidence of Elmer Crane as to the

declarations made to him by the witness, Sylvester.  Sylves-
ter was produced as a witness on the part of Mrs. Blakeman,
and testified, among other things, that he was threshing at
Frye's in July, 1881; that Chapman was there; that he
talked with him, and it was then arranged between him and
Chapman that he (Sylvester) was to go to Marion Center, see
Crane, and assist Chapman in carrying out the fraudulent
scheme of inducing Crane & Brewerton to accept a convey-
ance of his (Chapman's) land in satisfaction of all the judg-
ments rendered against him.

Chapman testified that he was at Frye's at the time Syl-
vester was there threshing; that he went to see how a thresh-
ing machine, which was a new one, was working; that he
also had an idea of trading horses with Sylvester; that that
was all the business he had there; that he talked with him
about the machine and horses, but nothing further occurred
between them; that he did not have any conversation with
Sylvester at the time about anything in regard to his land
subsequently conveyed to Crane & Brewerton.

After the defense had rested, Elmer Crane was called by
Mrs. Blakeman, and testified he remembered of the threshing
at Frye's; that he was at the time at work for Sylvester, and
saw Chapman at Frye's in the afternoon.  Mrs. Blakeman's
attorneys then asked him, "What conversation did you and
Sylvester have concerning the nature of Chapman's business
with him, [Sylvester,] after Chapman had left?"  The wit-
ness answered, "I asked Sylvester what was Clark Chapman
here for, and Sylvester answered that he wanted him to come
to the Center to see about a piece of land that Mr. Chapman
had mortgaged to Crane."  All of this was objected to.  The
court overruled the objections, to which exceptions were prop-
erly taken.  Counsel for Mrs. Blakeman insist that the
evidence admitted was competent as the declarations of a co-
conspirator in reference to the common object of the fraudu-
lent purpose.  We think otherwise.  The evidence was not
the declaration of Sylvester in execution of the common pur-
pose, or explanatory thereof; nor was it a statement which

unfolded the extent, scope and influence of the fraudulent purpose. Indeed, it was not the words of Sylvester at all; it was the statement of Sylvester as to what Chapman had said to him. Therefore it was hearsay—nothing more.

Whatever may have been the pretext under which this evidence was offered, or whatever excuse may now be presented in favor of its competency, it is apparent that it was introduced to establish the fraudulent design of Chapman, or to fortify the testimony of Sylvester. If presented to establish the unlawful purpose of the parties, it was erroneously received. (1 Greenl. on Ev., 12th ed., §§ 110, 111; 2 Wharton on Ev., § 1205; *Cuyler v. McCarty*, 40 N.Y. 268; Wharton's Crim. Ev., § 698.) If presented to fortify the testimony of the witness Sylvester, it was also inadmissible.

"It is the general and almost universal rule, that evidence of what the witness has said out of court cannot be received to support his testimony. Corroborative statements of this character are very easily manufactured, and if admitted may oftentimes be made the means of great imposition." (*The State v. Petty*, 21 Kas. 54.)

This evidence does not come within the exception noted in the last case, and upon no hypothesis that we can conceive of was it competent. Considering the conduct and statements of Sylvester upon the witness stand, and in view of the fact that the alleged unlawful purpose of Chapman was sought to be mainly established by his testimony, its admission was very prejudicial. This evidence may have had much weight with the trial judge.

Under the circumstances of this case, we do not think it was necessary for Mrs. Blakeman to offer to reconvey the land taken in satisfaction of the judgments, prior to filing her motion.

On account of the reception of incompetent evidence highly prejudicial, the judgment of the district court must be reversed, and the cause remanded.

All the Justices concurring.