## J. D. BOWERSOCK v. SAMUEL WICKERY *et al.*

### No. 11541.   (60 Pac. 317.)

JUDGMENT—*Satisfaction by Nominal Plaintiff Only—Vacated on Motion.*  A sheriff who levies an execution on personal property at the suit of a judgment creditor, and subsequently recovers a judgment in his own name against a person for damages for unlawfully taking the property away from him, is not the owner of such judgment for damages, and has no right, as against the execution creditor who caused him to make the levy, to satisfy the judgment for a small portion of its amount; and, in case he does so satisfy it, the entry of satisfaction may be summarily vacated on motion by the creditor, the real owner of the judgment.

Error from Sumner district court; W. T. McBRIDE, judge.   Opinion filed March 10, 1900.   Affirmed.

*Geo. J. Barker,* for plaintiff in error.

*Thomas George,* and *W. W. Schwinn,* for defendants in error.

The opinion of the court was delivered by

·DOSTER, C. J. : The controversy in this case arose upon a motion filed by Samuel Wickery to vacate an entry of satisfaction of a judgment which had been recovered for his use and benefit by one T. M. Adams against J. D. Bowersock.   The entry of satisfaction was vacated and Bowersock has prosecuted error to this court.

Wickery had recovered a judgment against one Tisdale.   Execution was issued on the judgment and placed in the hands of Adams, as sheriff, who levied it on certain personal property of Tisdale's.   Bowersock, claiming to be the owner of the property, replevied it from Adams and retained it in his possession.   In the replevin action judgment was rendered in favor

of Adams and against Bowersock for the return of the property and for damages for its detention. Bowersock procured Adams, for a small sum, to enter satisfaction of the judgment. Wickery then filed his motion to vacate the entry of satisfaction.

The court was right in ordering the entry of satisfaction to be canceled. In Freeman on Judgments, 3d ed., section 462, it is stated:

"Payment will, of course, operate as a release if made to the plaintiff, or to any person authorized by him or by law to receive it. If there is more than one plaintiff, a payment to either will discharge the entire judgment. If, however, it is shown by the record, or by any means brought to the knowledge of the debtor, that the judgment was recovered for the use of another than the plaintiff, it can only be satisfied by payment to the real party in interest; and a payment to such party necessarily satisfies the judgment, though it was recovered in the name of another person. So if a judgment is assigned, the plaintiff is no longer a proper person to receive payment; and a payment to him thereafter does not extinguish the judgment, if it can be shown to have been made with notice of the assignment. Direct notice to the defendant is not essential to protect the rights of the assignee. It is sufficient if it can be shown that the former had information given in such terms and under such circumstances as were well calculated to arrest his attention."

Bowersock had, of course, full knowledge that Adams, as sheriff, was only nominally the owner of the judgment and that he had no beneficial interest in it. There was no controversy over the facts of the case, and it was therefore proper to entertain the motion as a summary application for the relief demanded. (*Chapman v. Blakeman*, 31 Kan. 684, 3 Pac. 277.)

The judgment of the court below is affirmed.