## LEONARD v. ROSS *et al.*

No. 6383.   Opinion Filed February 29, 1916.

(155 Pac. 885.)

1.   **JURY—Proceedings in Action—Assignment and Satisfaction of Judgment—Vacation.** Upon the hearing of an application to vacate a judgment or order, or to strike a paper, or to cancel the satisfaction of a judgment improperly entered, the court, and not a jury, tries the issue of fact arising thereon, following **Poff v. Lockridge,** 22 Okla. 462, 98 Pac. 427.

2.   **JUDGMENT—Assignment—Satisfaction—Vacation on Motion and Notice.** The jurisdiction of a county court to strike an assignment of a judgment on the ground of fraud, and to vacate the satisfaction of a judgment entered thereunder may be invoked by motion and notice to the adverse party, in the absence of an express statute requiring the bringing of an action therefor.

(Syllabus by Galbraith, C.)

*Error from District Court, Wagoner County;*
*Fred P. Branson, Judge.*

Action by B. V. Leonard against Clifford Ross and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Chas. F. Runyan* and *Hunt & Rhea*, for plaintiff in error.

*Jesse W. Watts, Alvin Moloney,* and *Edward M. Gallaher,* for defendants in error.

Opinion by GALBRAITH, C. This action was commenced by the judgment debtor against the judgment creditors, his attorneys, and the sheriff of the county, seeking an injunction to restrain the sale of real estate under an execution, which had been issued on a judgment taken in the county court of Wagoner county. A temporary restraining order was issued by the county judge in the absence of the district judges from the county, and upon a hearing in the district court this temporary order was dissolved, and the judgment debtor was enjoined from interfering with the collection of the judgment. From this order an appeal has been perfected to this court.

It appears from the findings of fact that Clifford Ross obtained a judgment in the county court of Wagoner county against the plaintiff in error, B. V. Leonard, in the sum of $781.21, and that in this action Jesse W. Watts and Charles G. Watts were attorneys for the plaintiff, and indorsed on the petition filed in said cause, "Attorneys' lien claimed," and were claimants under contract with plaintiff for 50 per cent. of the judgment as attorneys' fee; that on the 24th day of May, 1912, one W. H. Harris obtained from the judgment plaintiff a written assignment of this judgment, and thereafter filed such assignment in the county court of Wagoner county, where the original judgment had been obtained, and also filed a

written satisfaction of said judgment, as assignee of the judgment plaintiff; that afterwards Watts & Watts and Clifford Ross filed a written application in the county court to vacate the assignment of the judgment, and also the satisfaction thereof; that Leonard and Harris were each notified of the time and place of the hearing of this motion, and they each appeared in person and by attorney; that they interposed a demurrer to the application on the ground of a misjoinder of actions, which, upon consideration of the court, was sustained, and the application as to Ross was dismissed, with permission to present a separate application of his own to vacate the assignment and the satisfaction of the judgment. The court upon the hearing vacated the assignment and the satisfaction of the judgment, so far as Watts & Watts were concerned; it being made to appear that they were interested in the judgment to the extent of 50 per cent. thereof, as attorneys' fees upon their contract with Ross. Afterwards the application of Ross was presented to vacate the assignment and release of judgment on the ground that the assignment was obtained from him by fraud. Harris also appeared in this proceeding and resisted the same ineffectually, and upon a hearing the court found that the assignment of the judgment had been obtained by fraud, and the motion was sustained, and the assignment of the judgment and the satisfaction thereof were stricken from the record in the cause. Afterwards an execution was issued on the judgment and levied upon real estate in Wagoner county belonging to the judgment defendant, Leonard. It was to restrain the sale of the land under this execution as advertised by the sheriff of Wagoner county that this action was brought.

There are 17 assignments of error set out in the peti-
tion in error, but it is admitted in the brief that all of
these resolve themselves into one question, namely, whether
or not the county court had jurisdiction by motion to make
the order striking the assignment of the judgment and the
satisfaction thereof from the record, it being contended
on behalf of the plaintiff in error that the county court
was without jurisdiction to make this order upon motion;
that it could only be made in an action regularly insti-
tuted for that purpose, after the issuance and service of
summons and the appearance of the defendants and the
joinder and trial of issue therein.  The proceeding on
motion in the cause seems to be justified by abundant
authority.  In 2 Freeman on Judgments, sec. 478a, the
author says:

"Relief may also be had, in a variety of forms, when
a judgment appears from the record to be satisfied, but
the entry of satisfaction was induced by fraud, mistake,
inadvertence, or any other cause, not producing an actual
satisfaction nor precluding the plaintiff from pursuing
appropriate remedies to reinstate his judgment.  In some
jurisdictions he may proceed by *scire facias* or by an
action on the original judgment.  But the remedy actually
resorted to is by motion in the original action for an
order canceling the entry or return of satisfaction and
directing execution to issue for so much of the judgment
as remains unpaid.  Thus a court may, on motion, vacate
an acknowledgment of satisfaction on the ground that it
was entered by the mistake of the clerk or of the plaintiff,
or was procured by misrepresentation or other fraud, or
was entered by one only of the judgment creditors with-
out authority of the others, and without receiving pay-
ment in full, or by an attorney or other person not author-
ized to act.  In fact, an entry of satisfaction is but a
receipt, and, like a receipt, may be explained or avoided
by satisfactory evidence that payment was not in fact

made or, though made, has become inoperative by reason of the reversal of a judgment, the vacating of a sale, or by any other cause rendering it inequitable for a defendant to avail himself of the entry of satisfaction."

In his work on Executions, vol. 1 (3d Ed.) sec. 54, Mr. Freeman says:

"Every court has control over its process, and of entries upon its records; and, whenever process is irregularly issued, or the entry of the satisfaction of a judgment is improperly made, the court has power to inquire into the subject, and to cause the former to be set aside and the latter to be vacated. It is believed to be the uniform practice to do so on motion."

See, also, Black on Judgments, vol. 2, sec. 1010, and 23 Cyc. 1501.

It is not important to determine whether or not the county court erred in vacating the judgment and release to the extent of 50 per cent. of the judgment, that claimed by the attorneys, since the entire assignment and release were vacated by a subsequent order, made upon the motion and application of Ross, the judgment plaintiff. Nor is it important that Leonard, the judgment defendant, defaulted at the hearing of this latter application, since he had notice thereof and an opportunity to be heard if he wished to be, and Harris, assignee of the judgment, appeared and resisted the granting of that motion. The county court had jurisdiction of the subject-matter, and also of the parties, and therefore it would seem had the right to make the order complained of. We are inclined to the opinion that the jurisdiction of the county court to make this order might be invoked by motion, in the absence of a statute requiring an action for that purpose. This conclusion is supported by the holding of the court in *Poff v. Lockridge*, 22 Okla. 462, 98 Pac. 427, where an

action was brought to vacate a judgment under section 5267, Rev. Laws 1910, and complaint was made that the trial court refused to submit to the jury the controverted issues of fact in the case, and the Supreme Court held that this was not error; that the issue of fact should be tried by the court and not by a jury. The rule is there announced that a party resisting an application to vacate a judgment, or an order to strike a paper from the files, or to vacate the satisfaction of a judgment, is not entitled to a trial by jury, on the issues of fact arising upon such application, but that the same must be tried by the court. It necessarily follows that it is not important whether such application be made by motion or by an action, since the court tries the issues in any event. There is no reason why the jurisdiction of the court may not be invoked by motion as well as by action in all cases wherein the statute does not specifically provide for bringing an action. In the instant case the parties were in court and were given an opportunity to be heard, and every element of jurisdiction was present, and it seems to have been properly exercised.

Since every defense was available to complainants upon the motion that would have been available upon a trial after issue joined in an action, they had their day in court at the hearing of the motion, and have no ground of complaint on that score.

We therefore conclude that the judgment of the district court in sustaining the order of the county court was right, and that the order modifying the injunction against the enforcement of that judgment was proper.

We therefore recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.