GUY HAYES v. SHEFFIELD ICE COMPANY, Appellant.

In Banc, May 21, 1920.

1. **APPELLATE PRACTICE:** Case Certified from Court of Appeals. Where one of the judges dissents from a decision of the Court of Appeals and certifies the case to the Supreme Court on the ground that the ruling of the majority is in conflict with principles announced in certain previous decisions of the Supreme Court, the case in the Supreme Court must be considered and determined as if it were a direct appeal from the circuit court.

2. **JUDGMENT:** Satisfaction in Absence of Counsel. A satisfaction by plaintiff of a judgment for $4000 against defendant in a personal injury case, as the result of a settlement for $500 made between plaintiff and defendant's counsel, in the absence of plaintiff's counsel, who prosecuted the case upon a contingent fee, will be set aside, upon motion, if unfairly secured.

3. **NEGLIGENCE:** Safe Place: Assurance: Inspection: Ordinary Care. Plaintiff, a nineteen-year-old boy, inexperienced in wrecking old

buildings, was employed as a laborer to assist in tearing down an old building previously used as an ice house. Directed by defendant's president to go on the roof and tear off the sheeting from the rafters he hesitated, and was assured by defendant's president that there was no danger, that he knew the undertaking was safe and that the work could be done safely. Thus assured, plaintiff went upon the roof, and while engaged in removing the sheeting a beam upon which the rafters rested gave way, the wall fell and he was precipitated to the ground thirty-four feet below. *Held*, first, that plaintiff was bound to discover only such defects as would have been apparent to one of ordinary prudence, while defendant was required to look for defects and to know of their existence if by the exercise of care they could have been discovered; *second*, that, under the facts, more than mere physical inspection of the exterior of the work was required of defendant, since the building was old and the use to which it had been put caused its timbers to decay more rapidly than in the ordinary course of nature; and, *third*, in view of the assurance, plaintiff had a right to assume that defendant had furnished him a safe place in which to work, unless by the exercise of ordinary care he could have discovered the rotten beam.

4. ——: ——: Inspection: **Duty of Master.** The duty of inspection by the master, in order to provide his servant with a safe place in which to work, is affirmative, and must be constantly fulfilled and positively performed.

5. ——: ——: **Assurance of Safety.** Assurances by the master that the place in which his servant is directed to work is safe may be something more than an expression of an opinion; they may be representations of a fact. Where an inexperienced laborer, directed to go upon the roof of an old ice house and remove the sheeting and other roofing parts, hesitates and is told by the defendant's president that there is no danger, that he has wrecked enough old buildings to know whether the undertaking is safe and that he would not have hired him to do the work if it could not be done safely, the assurance is a representation of fact, upon which the laborer has a right to rely.

6. ——: ——: ¡Wrecking **Old Building.** The rule in this jurisdiction is that the master is required to furnish a safe place to his servant engaged in tearing down an old building.

7. ——: ——: Contributory Negligence: Burden of Proof: Instruction. The burden of proving the affirmative defense of contributory negligence is on defendant; and where such defense is pleaded, *held*, by WALKER, C. J., with whom WILLIAMSON, J., concurs, that the court should not instruct the jury that "the burden of proof in this case is upon the plaintiff," there being no burden

on plaintiff to show, in the first instance, that he was not guilty of contributory negligence, and such an instruction in this case, if given, would have misled the jury, since, the evidence being uncontradicted, there was no room for fair and reasonable men to differ in their conclusions; but *held*, by GRAVES, J., with whom GOODE, J., concurs, that the instruction declares the law in a proper case, but its refusal was harmless in this case, because defendant offered no evidence.

8. **INSTRUCTION: Non-Direction.** An assignment that non-direction to the jury was error, if urged by appellant for the first time in the appellate court, comes too late to entitle it to consideration.

*Certified from Kansas City Court of Appeals.—Hon. O. A. Lucas,* Judge.

JUDGMENT OF CIRCUIT COURT AFFIRMED.

*R. E. Ball* and *Justin D. Bowersock* for appellant.

(1) In the case of Barton v. Bridges, 126 Md. 676, 95 Atl. 359, the court cites Atlantic Delaine Co. v. James, 94 U. S. 207, where it is held that power to vacate satisfaction of a judgment "ought not to be exercised except in a clear case, and never for alleged fraud unless the fraud is made clearly to appear; never for alleged false representations unless their falsity is certainly proved, and unless the complainant has been deceived and injured thereby." All three of the judges of the Court of Appeals recognized in their separate opinions that such is the law. Judge JOHNSON, whose findings of fact and conclusions are recommended for adoption in the divisional opinion, found that the plaintiff lied over and over again; that he showed himself morally perverted; that he not only was not deceived, but himself undertook to deceive his attorney; that it was his case and his judgment and he could do as he pleased with it; and that this motion to vacate was his motion and not that of his attorneys. Assuming, as he had no right to do, that the court might balance and estimate the relative capacity of plaintiff on the one hand and defendant's counsel on the other,

Judge Johnson proceeds to the conclusion that somehow or other, although the specified frauds were not proven, and although the plaintiff knew full well when he took the money, after conference with his attorney at the court house, that he was acting contrary to his attorney's advice, still the court ought to substitute its notions for those of the plaintiff. Since when has it been the law that an individual who is *sui juris* and competent to attend to his own business, in the absence of fraud or deception perpetrated against him, could not for a valuable consideration settle his case? There is no decision of any court in England or America that will sustain the position taken by Judge Johnson. The pending motion specified certain alleged false representations. The proof taken confessedly failed *in toto* to sustain any of those charges. (2) We briefly call attention to the personal equation. This motion is bottomed on alleged false representations made by Mr. Porter. Those allegations are absolutely without foundation. Every member of this court has been a practicing lawyer and can realize the gravity to any member of the bar against whom such charges are made. If the present counsel of the defendant thought for one moment that Mr. Porter was guilty of fraud in this matter, we hope to be believed when we say that we would not defend him. Being thoroughly satisfied, after most careful study of the evidence, that he was not guilty as charged, we earnestly appeal to the court to deny this motion and exonerate Mr. Porter. We beg the court to carefully read the opinion of the judges of the Court of Appeals, 168 S. W. 294. (3) Plaintiff had a right to settle his case without the consent of his attorneys. Young v. Renshaw, 102 Mo. App. 173; Whitwell v. Aurora, 139 Mo. App. 597; Stephens v. Railway, 157 Mo. App. 656. (4) The burden is upon plaintiff to show that knowingly false statements were made to him and that he believed and relied upon them. Borchers v. Barckers, 143 Mo. App. 84. (5) Fraud can only be established by clear proof. Holland v. Anderson, 38 Mo. 59;

Laughlin v. Fairbanks, 8 Mo. 367.   (6) Plaintiff had two
consultations with his attorneys before the settlement
was closed; therefore he cannot prevail on his motion.
2 Cooley on Torts, 959; Raffel v. Epworth, 107 Mich. 143;
Vernol v. Vernol, 63 N. Y. 45; Davis v. Phoenix Ins. Co.,
81 Mo. App. 264; 20 Cyc. 32.  (7) Plaintiff's evidence is
unworthy of belief and insufficient if believed.  (8) The
consideration was not inadequate.

*John H. Atwood* and *Park & Brown* for respondents.

(1) A cause transferred from a court of appeals to
the Supreme Court is to be heard as though appealed
directly to the Supreme Court, and jurisdiction does not
depend upon the actual existence of a conflict of opinions.
Const. Mo. Art. VI (Amdmt.) sec. 6; Keller v. Summers,
262 Mo. 324; Sutton v. Cole, 155 Mo. 206; State ex rel.
v. Hickman, 150 Mo. 626; Johnson v. Fecht, 185 Mo. 335;
Epstein v. Railroad Co., 250 Mo. 7.  (2) The settlement
and release were fraudulently obtained and should be set
aside.  (3) The circuit court properly denied defendant's
request for peremptory instructions.  (a)  The Court of
Appeals in the Boten case said: "The danger to plaintiff
arose not from the general liability of the building to fall,
but from a defective condition at one place known to de-
fendant and unknown to plaintiff; and defendant, with-
out remedying said defect assured plaintiff it was safe."
Boten v. Ice Co., 180 Mo. App. 101.  (b) The parties were
not on equality in this situation.  Defendant was obliged
to search for defects in order to discover whether it was a
safe and prudent thing to order inexperienced boys into
such a place. Gutridge v. Mo. Pac. Ry. Co., 105 Mo. 520;
Nicholds v. Plate Glass Co., 126 Mo. 65; Clark v. Iron Co.,
234 Mo. 454; Cody v. Luck, 187 Mo. App. 337.  (3) When
an appliance is old it requires careful inspection, and th'
master is not justified in relying upon merely an inspec-
tion by his eyes.  Pendegrass v. Railroad, 179 Mo. App.
531; Nowotny v. Brewing Assn., 185 Mo. App. 718;
Spaulding v. Lumber Co., 183 Mo. App. 656.  (d)  Plain-

tiff was justified in relying upon the assurance of defendant's president. Sullivan v. Railroad, 107 Mo. 66; Swearingen v. Mining Co., 212 Mo. 538. (4) The court properly refused defendant's instruction 7. The instruction cast the entire burden of proof upon the plaintiff. There was an issue of contributory negligence upon which the burden was upon the defendant. Lane v. Railroad, 132 Mo. 18; Thompson v. Railroad, 51 Mo. 192; Mitchell v. City of Clinton, 99 Mo. 158. Where the evidence is uncontradicted the court may properly refuse an instruction on the burden of proof. Hughes on Instructions to Juries, pp. 186 to 187; Davidson v. Transit Co., 211 Mo. 357; Stauffer v. Railroad, 243 Mo. 333; Hauser v. Steigers, 137 Mo. App. 569; Bank v. Inv. Co., 160 Mo. App. 378.

WALKER, C. J.—Plaintiff, a minor, who sued with his father as next friend, recovered in the Circuit Court of Jackson County a judgment against the defendant for personal injuries in the sum of $4000. The defendant appealed to the Kansas City Court of Appeals. Before the determination of the appeal the plaintiff entered into an agreement with the then counsel for the defendant for the release and acquittance of his judgment against the defendant for the expressed consideration of $500. At the same time defendant's counsel prepared a stipulation for the dismissal of the appeal to be filed in the Court of Appeals and same was signed by the plaintiff and the counsel for the defendant. The latter, accompanied by the plaintiff, then went to the office of the Clerk of the Circuit Court and the plaintiff signed an entry of satisfaction on the record of his judgment against the defendant. Counsel for the defendant then paid the plaintiff the sum agreed upon in the settlement. This transaction occurred on the 8th day of September, 1913. On October 2, 1913, counsel for plaintiff, who had prosecuted the action to a judgment for a contingent fee and who had no knowledge at the time of the plaintiff's settlement with the counsel for the defendant, filed in the Court of Appeals a motion, under plaintiff's direction, to set aside the release and satisfaction of the

judgment on the ground of fraud and deception alleged to have been practiced upon the plaintiff in the procurement of the settlement.

Testimony was taken under the order of the court in support of the motion and upon a hearing the same was overruled, thus sustaining the settlement. One of the judges dissented and certified the cause to this court on the ground that the ruling of the majority was in conflict with principles announced in Stonemets v. Head, 248 Mo. 243 and Girard v. St. Louis Car Wheel Co., 123 Mo. 358.

The transcript of the entire proceedings in this case is before us. It includes not only the record of the proceedings in the circuit court, but in addition the record and the testimony concerning the stipulation to dismiss and plaintiff's motion to set aside the settlement and the court's ruling on same.

I. The case comes to us as if upon direct appeal from the circuit court and must be so considered and determined. [Art. VI. sec. 6, Amdt. 1884, Cons. Mo.; Keller v. Summers, 262 Mo. l. c. 331; Epstein v. Railroad, 250 Mo. l. c. 7; Sutton v. Cole, 155 Mo. 206.]

How Considered.

II. We will not burden this opinion with a statement in detail of the facts and circumstances leading up to the settlement of the plaintiff's case with the then counsel for the defendant. This phase of the case is not one of pleasant contemplation; and the facts having been set forth in full in the opinions of the judges of the Court of Appeals (168 S. W. 294), they may be consulted for fuller information. Impartially considered, either as presented in the majority or dissenting opinions, they present sufficient facts to authorize the branding of the settlement between the plaintiff and the then counsel for the defendant with the badge of fraud under the principles announced in the Stonemets and Girard cases, supra. It was so held in the dissenting opinion. We therefore approve the facts therein

Settlement.

stated and the conclusion reached and hold that the release executed by the plaintiff of the judgment in his favor in the trial court and the stipulation based thereon for the dismissal of defendant's appeal in the Court of Appeals were unfairly procured and should be set aside and for naught held, and as a consequence that plaintiff's motion filed for that purpose should be sustained.

III. This leaves for consideration the case upon its merits. The facts in regard thereto, briefly stated, are as follows: Plaintiff, at the time a boy of nineteen years of age, was employed as a laborer by the defendant to assist in the dismantling and tearing down of an old frame building which was owned and had been used by the defendant as an ice house. Plaintiff was without experience in wrecking old buildings. Defendant's president directed plaintiff and others who had been employed to go up on the roof some 34 feet from the ground and tear off the sheeting and other roofing materials, that the rafters might be removed. Plaintiff and the others hesitated, when they were assured by the president that there was not a bit of danger, that he had wrecked enough old buildings to know whether the undertaking was safe and that there was no danger in this instance, that he would not have hired plaintiff and the others to do the work if it could not have been done safely. With these assurances they went up on the roof and while they were there employed in tearing off the sheeting the plate or beam upon which the rafters rested gave way, the wall fell and the plaintiff and others were precipitated to the ground, timbers and other debris falling upon them. The plaintiff's injuries from this fall consisted in a broken thigh bone and a bruised back and right arm. He was confined to his bed for 11 or 12 weeks as a result of these injuries and it was two months thereafter before he was able to walk without assistance. His broken leg, upon the healing of the fracture, was crooked and 2 1/2 inches shorter than the other leg. These facts are not attempted to be controverted. The gist of the petition is that

*Safe Place.*

the defendant directed the plaintiff, an inexperienced boy, to engage in work at a place of danger without warning him of the peril of the employment.

As the Kansas City Court of Appeals said in a case brought by another against defendant for injuries received at the same time as those of the plaintiff, "the injury to plaintiff arose, not from the general liability of the building to fall, but from a defective condition at one place known to defendant and unknown to plaintiff; and defendant without remedying said defect assured plaintiff it was safe." [Boten v. Ice Co., 180 Mo. App. l. c. 101.]

When the facts are such as in the case at bar, more than mere physical inspection of the exterior of the work is required of the defendant. The building had been erected for many years. The use to which it had been put was such as to cause its timbers to decay or become rotten more rapidly than in the ordinary course of nature.

The defendant was required to look for defects, while the plaintiff was bound only to discover what would have been apparent to one of ordinary prudence. The defendant was held to know the defects if by the exercise of care they could have been discovered. The plaintiff had the right to assume, especially in view of the defendant's assurances, that the latter's president had furnished him with a safe place to work, unless he could by the exercise of ordinary care have discovered the rotten beam which caused his injury and which at the time was covered with sheeting, which formed a part of the roof. It appears, therefore, that the plaintiff and the defendant did not have an equal opportunity to discover the defect which caused the injury; but if such equal opportunity had been afforded this would not defeat plaintiff's right of recovery, for the reason that it was not his duty, although it was that of the defenant, to look for such defects as were not open to observation. The duty of inspection as to the master is affirmative and must be continually fulfilled and positive-

ly performed. [Thornsberry v. Railroad, 178 S. W. l. c. 200; Crowl v. Am. Linseed Co., 255 Mo. 305; Clark v. Iron Co., 234 Mo. l. c. 454; Czernicke v. Ehrlich, 212 Mo. l. c. 395; Gutridge v. Railroad, 105 Mo. l. c. 525; Nicholds v. Glass Co., 126 Mo. l. c. 65.]

Under such circumstances as are present in the case at bar, all of which were known to defendant, or could have been known by the exercise of ordinary care, a careful inspection was required before directing the plaintiff to go to work on the building.   [Nowotny v. Brewing Assn., 185 Mo. App. 718;   Spaulding v. Lumber Co., 183 Mo. App. 656;   Pendegrass v. Railroad, 179 Mo. App. 531.]

The assurance of safety given by the defendant's president to the plaintiff was something more than an expression of opinion—it was a representation of a fact. The Kansas City Court of Appeals in the Boten case, supra, pertinently appropriate here because the facts are the same in both cases, said: "It is thus seen that the statements of the president were not the expression of a mere opinion, nor were they so general as not to apply to the place where plaintiff was working when he fell. Nor does the fact that the assurances of safety were given on one day and the fall occurred on another, while the president was absent, change the situation."

The case at bar is analogous to Werner v. Street Ry. Co., 138 Mo. App. 1, 8, where the court says:

"Plaintiff was young and inexperienced and evidently had no knowledge of the hidden dangers lurking in the place where defendant sent him to work. It is apparent the place was highly dangerous. Under ordinary conditions, the close proximity of high currents of electricity made his task dangerous and called for the exercise of great care and caution, but with the protecting barriers to the transmission of electricity weakened or destroyed by the wet condition of the car and trolley pole, the act of defendant, in requiring an inexperienced and ignorant workman to go there and work with a pole that contained what was practically an un-

insulated wire charged with a heavy current of electricity, was negligence of a pronounced type. It is fair to presume defendant knew of plaintiff's inexperience and in ordering him into that trap it sent him blindfolded to play with death. We have present all the elements of a cause of action based on the negligence of the master in sending an inexperienced servant to work in a dangerous place without warning, and the injury resulting from such negligence does not belong to one of the natural and incidental risks of the employment."

The doctrine in Boisvert v. Ward, 199 Mass. 594, cited by the defendant, that the master is not required to furnish a safe place for a servant engaged in tearing down a building is not the rule in this jurisdiction. We have held directly to the contrary and in accord with reason in Sullivan v. Railroad Co., 107 Mo. 66.

The conclusion is authorized that no error was committed in refusing to sustain defendant's request for a peremptory instruction and its assignment to this effect is overruled.

IV. The refusal of the trial court to give instruction numbered seven asked by defendant is assigned as error. It is as follows:

"The court instructs the jury that the law places the burden of proof in this case upon the plaintiff and re-

**Burden.**        quires him to make out his case to your satisfaction by a preponderance of the evidence, and by a 'preponderance of the evidence' is meant the greater weight of all the credible testimony introduced in the case. Unless he has done so, your verdict should be for the defendant."

The answer contained a plea of contributory negligence. This is an affirmative defense the burden of proving which is upon the defendant. This instruction cast the burden all upon the plaintiff.

In Mitchell v. City of Clinton, 99 Mo. l. c. 158, we announced the rule oftentimes before and since repeated, that contributory negligence is a defense to be pleaded

and proved by the defendant; and it is not necessary that its absence should be pleaded or shown by plaintiff in the first instance. See also to like effect Lane v. Railroad, 132 Mo. l. c. 18; O'Connor v. Railroad, 94 Mo. l. c. 155; Petty v. Railroad, 88 Mo. l. c. 312; Buesching v. Gas Co., 73 Mo. l. c. 229; Thompson v. Railroad, 51 Mo. l. c. 192.

Furthermore the evidence for the plaintiff was uncontradicted and the casting of the burden of proof upon the plaintiff as was sought to be done in this instruction could only have misled the jury and the court's refusal of the instruction was therefore not error. [Stauffer v. Railroad, 243 Mo. l. c. 333; Davidson v. Transit Co., 211 Mo. l. c. 357; Bank v. Inv. Co., 160 Mo. App. l. c. 378; Hauser v. Steigers, 137 Mo. App. l. c. 569.]

While it is true, as we said in Roddy v. Railway, 104 Mo. l. c. 250, that "it is not every case in which there is no conflict in the facts that the court will declare, as a matter of law, the legal effect of the evidence. If, upon all the facts and circumstances, there is room for fair and sensible men to differ in their conclusions, the jury should decide." But where, as here, there were no facts and circumstances affording room for fair and reasonable men to differ in their conclusions there was nothing left for the jury to decide. There was no error in the refusal of defendant's instruction on this account.

V. The non-direction of the jury, urged by appellant as error for the first time in its brief filed in this court, comes too late to entitle it to our consideration. On appeal, only exceptions ruled on below concern us. [Sec. 2081, R. S. 1909; Hafner Mfg. Co. v. St. Louis, 262 Mo. l. c. 633; Gate City Bank v. Bank, 259 Mo. l. c. 577; Powell v. Railroad, 255 Mo. l. c. 456; State v. Douglas, 258 Mo. l. c. 293; Ross v. Grand Pants Co., 241 Mo. 296; Morgan v. Mulhall, 214 Mo. 462; Brown v. Globe Prtg. Co., 213 Mo. l. c 652.]

To use the rather archaic language of the Hafner case, this point therefore "falls out of the case and is disallowed to the defendant."

The record presents no error of such a character as to authorize a reversal and the judgment of the trial court is affirmed. *Williamson, J.,* concurs; *Graves, J.,* concurs in separate opinion, in which *Goode, J.,* concurs; *Williams, J.,* dissents in separate opinion in which *Blair, J.,* concurs; *Woodson, J.,* absent.

GRAVES, J. (concurring).—I concur in paragraphs 1, 2, 3, 5, and in result of the opinion in this case. I also concur in the result of paragraph 4, but do not concur in all of the reasoning in this paragraph contained. As to this instruction No. 7, asked by the defendant, it declares the law in a proper case, but its refusal was harmless in this case, because the defendant offered no evidence. The only evidence was that for plaintiff. *Goode, J.,* concurs herein.

WILLIAMS, J. (dissenting).—I am unable to agree with the majority opinion herein, but dissent therefrom and concur in the views expressed by ELLISON, J., in the majority opinion of the Kansas City Court of Appeals in this case which will be found reported in 168 S. W. 294. *Blair, J.,* concurs herein.