SIMON, Respondent, vs. LECKER, Appellant.

*March 8— April 11, 1939.*

The cause was submitted for the appellant on the brief of Taylor, Phillips & Taylor of Kenosha, and for the respondent on that of Kadwit & Lepp of Kenosha.

FOWLER, J.   Judgment was entered in the circuit court for Kenosha county in favor of the plaintiff for $159.94. A satisfaction of the judgment signed by the plaintiff was filed and satisfaction noted on the judgment docket.   One of the attorneys for the plaintiff, who claimed an attorneys' lien on the judgment for an unstated amount of fees, procured an order to show cause why the satisfaction should not be set aside and the judgment reinstated.   The order was based on the attorney's affidavit stating claim for an attorneys' lien, and that nothing had been paid the attorneys to apply on the judgment, and on the affidavit of the plaintiff that he had signed the satisfaction on request of his son-in-law on the understanding that it was a paper to aid his son-in-law in getting a job, that he could not read, and that the paper was not read to him or its contents stated or explained to him, and that nothing had been paid to him on said judgment or for signing the satisfaction.   In response to the order to show cause there were filed the affidavit of the son-in-law of plaintiff denying misrepresentation to the plaintiff and stating that the plaintiff knew the contents of the affidavit; the affidavit of the defendant that the plaintiff agreed to sign the satisfaction and had signed it in consideration of the defendant's agreeing to pay a claim of $100 owed by the plaintiff to the defendant's brother; that he had paid his brother $25 upon said claim, and that the defendant had requested the plaintiff's son-in-law to procure the satisfaction; and the affidavit of one of the attorneys for the defendant that on noticing that the satisfaction was not properly notarized he had taken it to the plaintiff and the plaintiff had told him that the signature was his and that he "was familiar with the transaction and satisfied therewith."   Upon the

return day of the order the plaintiff and defendant both appeared with counsel before the court. The plaintiff was sworn and testified. The defendant offered no testimony. The plaintiff in his testimony denied any agreement with the defendant that the latter should pay a claim the defendant's brother had against the plaintiff for satisfaction of the judgment, and denied that he owed the defendant's brother. He admitted that the attorney for defendant who made the affidavit called upon him and that he acknowledged that the signature to the paper was his, but said that the attorney did not tell him what the paper was. He reaffirmed the statements in his affidavit that his son-in-law did not read the paper to him, or tell him what it was, and said that he thought his son-in-law would do the right thing, and that something was said about a job that he could not remember as it was so long back.

On conclusion of this testimony the circuit judge said: "I think Kadwitt & Lepp [plaintiff's attorneys] have an attorneys' lien upon the judgment in question, and the motion to set aside the satisfaction of judgment in question and reinstating said judgment is granted." An order was entered in accordance with this statement, which allowed plaintiff $10 costs of motion.

It is claimed by appellant that the statement of the circuit judge above quoted shows that the court granted the motion on the ground that the plaintiff's attorneys had an attorneys' lien on the judgment, and that this being the ground of the ruling the attorneys were not entitled to an order of vacation without showing an agreement for a lien on the judgment and its amount, and that the order having been entered for protection of the attorneys' rights under their lien, the order should have set the satisfaction aside only so far as necessary to protect their rights.

We cannot say upon the whole record that the order was entered solely for the protection of the attorneys. The show-

ing pro and con went to the validity of the satisfaction as between the plaintiff and defendant. The evidence supports the view that the satisfaction was entirely without consideration and fraudulently procured, and that the satisfaction was set aside for the protection of the plaintiff as well as of his attorneys. The view of the evidence most favorable to support of the order must be taken. *Roedler v. Chicago, M. & St. P. R. Co.* 129 Wis. 270, 109 N. W. 88. Where the evidence warrants either of two conclusions the court is deemed to have taken the view that supports its conclusion. *Kola Lumber Co. v. Stoughton Wagon Co.* 143 Wis. 329, 127 N. W. 974. As the court did not limit the relief granted to what was necessary to protection of the attorneys the order should be presumed to have been intended for the protection of the plaintiff as well as of the attorneys. The motion was for vacation of the satisfaction. It was not for vacation as far as necessary to protection of the attorneys. The motion papers showed right of the plaintiff to vacation of the satisfaction. The demand was for vacation of the "pretended" satisfaction and reinstatement of the judgment "with the same full force and effect as though the purported 'satisfaction of judgment' had not been executed and filed." The order is in accordance with that demand and should be given effect according to its terms.

*By the Court.*—The order of the circuit court is affirmed.