No. 37,512

ELLEN CARRIGG, *Appellee*, v. E. V. ANDERSON and VIRGINIA ANDERSON, *Appellants*.

(205 P. 2d 1004)

Opinion filed May 7, 1949.

*William E. Scott,* of Kansas City, argued the cause, and *W. A. Brookshire,* of Columbia, Mo., was with him on the briefs for the appellants.

*Thomas H. Finigan* and *Charles S. Schnider,* both of Kansas City, argued the cause, and were on the briefs for the appellee.

The opinion of the court was delivered by

ARN, J.: This is an appeal from an order of the district court setting aside a release of a judgment upon the ground of fraud. Although we are not here concerned with the proceedings resulting in that district court judgment, it may be well to state that the action was commenced December 21, 1943, by Ellen Carrigg, the appellee here, and on March 29, 1948, she obtained a judgment restoring to her the title to certain real property and granting her a money judgment in the net amount of $1,213. No appeal was taken and that judgment became final. The defendants and judgment debtors in that case were E. V. Anderson and Virginia Anderson, appellants here. For clarity in summarizing the facts, we shall refer to the litigants as plaintiff and defendants, as they appeared in the court below.

On May 28, 1948, approximately sixty days after the aforementioned judgment, the defendant E. V. Anderson called upon the plaintiff Ellen Carrigg, a woman eighty-eight years of age, and obtained her signature to two instruments. The first instrument was a "release" purporting to release defendants from the judgment against them for a consideration of $500. Later in the day, and without additional consideration, defendants obtained from plaintiff a "release of judgment" designed to quitclaim the title to said real property to the defendants. The total value of the property and money judgment purported to be released for the consideration of $500 was in the approximate sum of $4,700. On June 4, 1948, plaintiff filed in the district court in the original case, a motion to set aside the "release" and the "release of judgment," and prayed for a restraining order against the clerk of the district court

and the register of deeds restraining them from accepting for filing the purported release of judgment and quitclaim deed. This motion was supported by a somewhat detailed affidavit of plaintiff. At the same time plaintiff paid into court the sum of $500 for return to defendants. No summons was issued in connection with the filing of the motion, but notice of hearing of the motion and a copy of the motion were served upon defendants by registered mail at Hartsburg, Mo., and upon their Kansas City, Kan., counsel. On June 24, defendants filed their motion to strike from the docket plaintiff's motion for the reason that the court had no jurisdiction to hear it, that it was not a proper pleading, and that it failed to state a cause of action. The district court overruled this motion and set for hearing on July 6 the plaintiff's motion to set aside the release of judgment. At this hearing, oral evidence was taken over defendant's objection. The hearing was by the court without a jury. The district court made findings of fact and conclusions of law and rendered judgment setting aside the release of judgment and quitclaim deed, and made permanent the restraining orders enjoining the clerk of the district court and the register of deeds from acceping either of the instruments for filing. A motion for rehearing and new trial was subsequently overruled and the defendants have appealed.

On their appeal to this court they contend: (1) The district court did not have jurisdiction of the proceedings upon a motion to set aside the release of judgment. (2) The motion which constituted the basic pleading of such proceeding did not state a cause of action. (3) The evidence adduced at the hearing upon the motion was not sufficient to sustain the court's judgment of fraud. (4) The defendants were entitled to a trial by jury. (5) The defendants were denied due process of law.

In challenging the jurisdiction of the district court in the instant proceeding, appellants argue that this is an attempt to substitute "a motion" in an old case for "a petition" in a new one; and an attempt to substitute a summary proceeding for an action. Undoubtedly, plaintiff could have brought a separate action based upon a petition stating a new cause of action in equity to set aside the release of judgment had she elected to do so. But she did not so elect—and the question now is whether the procedure which she did elect to follow is a proper procedure. Appellants refer to nu-

merous sections of the code of civil procedure and cite *Sherman v. Cron,* 165 Kan. 138, 193 P. 2d 206, as authority for their contention that if a motion is not provided for by our code of civil procedure, it is ineffective as a basis for an appeal. The Sherman case doesn't go quite that far. The gist of that opinion is that the motion to set aside the order of dismissal and to reinstate the cause is not such a motion as is provided for in the code and cannot have the effect of *extending the time for appeal;* that Sherman did not appeal from the order of dismissal and such order not having been appealed from became a finality.

Under our practice there are filed many different motions of various denominations which are not mentioned by name in the code—but whether the ruling upon such motions is appealable depends upon whether or not the ruling amounts to a final order. In the case of *Sherman v. Cron,* supra, the final order was the trial court's order dismissing plaintiff's action for want of prosecution and from that order plaintiff did not appeal. In the instant case, the fact that the code does not specifically mention or provide for a "motion to set aside a release of judgment" does not mean that such a pleading is improper. We can think of many pleadings of various denominations which are not specifically mentioned in the code but which are well recognized as necessary pleadings in the courts of this state. We cannot say, therefore, that merely because such a motion is not mentioned in the code, it has no place in our pleading and practice. The first and principal contention made by appellants simply raises the question as to whether in a case such as this the parties claiming fraud in the execution of the release of judgment may resort to a motion in the case in which the judgment was rendered, instead of being left to a separate action in equity.

In most jurisdictions, procedure by motion such as was resorted to here is approved. However, some of these jurisdictions hold that where the evidence upon questions of fact raised by the motion is conflicting, such questions of fact cannot be determined by *ex parte* affidavits. *Chapman v. Blakeman,* 31 Kan. 684, 3 Pac. 277, involved a question identical to the instant case and this court said:

"The first question presented in this case for determination is: Did the court below err in proceeding to hear the matter before it on motion? The practice of granting relief, in cases of this nature, by summary application upon motion is fully established. (*McDonald v. Falvey,* 18 Wis. 599, and cases were cited; *Wilson v. Stilwell,* 14 Ohio St. 464; *McGregor v. Comstock,*

28 N. Y. 237.) In many of the courts, however, it is held that where the evidence is conflicting upon material questions of fact arising upon the motion, the party seeking relief should be left to an action, provided it can be obtained in that form, rather than determine the question upon *ex parte* affidavits. (*McDonald v. Falvey*, supra; *Hill v. Herman*, 59 N. Y. 396.) In this case the latter authorities do not apply, as every question of fact was heard upon oral evidence in open court, and the witnesses subjected to cross-examination." (p. 686.)

It is conceded that in the case at bar a full and complete hearing was had upon every question of fact by oral evidence in open court where all witnesses were subjected to cross-examination. Neither in the instant case nor in *Chapman v. Blakeman*, supra, was the court required to determine the conflicting issues from *ex parte* affidavits.

In *McNeal v. Hunt*, 6 Kan. App. 670, it was held that where a satisfaction of judgment was given by mistake, the proper procedure to correct the mistake was by motion filed in the same case; and that a new action was not the only remedy.

*Bogle v. Bloom*, 36 Kan. 512, 13 Pac. 793, involved a somewhat similar situation, and this court said:

"The pretended release and satisfaction of the judgment thus obtained was presented to the clerk of the district court to be entered of record, but the clerk refused to make the entry, when Bogle wrote an entry of satisfaction upon the record, to which he signed the name of Bloom. The motion made by the plaintiff to quash the execution required an investigation of the claim that the judgment had been satisfied, and a determination of the effect of the pretended satisfaction. The testimony amply sustained the finding made by the court, that the pretended satisfaction was obtained by misrepresentation and fraud, and is a nullity." (p. 514.)

Syllabus paragraph 1 of the case stated:

"The court has control over its process, and where a motion is made to quash an execution upon the ground that it has been released and satisfied by the judgment creditor, the court may, in a summary manner, investigate whether the judgment has been assigned, and whether the release or satisfaction is void by reason of having been obtained by fraud and misrepresentation; and finding that to be the case, may declare the pretended satisfaction to be a nullity, and direct the officer to proceed and execute the judgment."

Although *Bowersock v. Wickery*, 61 Kan. 632, 60 Pac. 317, involved no factual controversy, *Chapman v. Blakeman*, supra, is there cited as authority for setting aside a release or satisfaction of judgment by motion filed in the case in which the judgment was rendered.

While the early decisions of this court seem to sufficiently cover

this question, the subject has been treated in the texts, and there have been many other similar decisions from the courts of the several states. In the Encyclopedia of Pleading and Practice, Vol. 19, page 140, under the heading "Vacating Entry of Satisfaction":

"FORM OF APPLICATION—*Bill in Equity*—A court of equity has jurisdiction to vacate an entry of satisfaction on application by ordinary bill. . . .

"*Motion*—The usual remedy, however, is by motion in the original action for an order cancelling the entry or return of satisfaction, and directing execution to issue for so much of the judgment as remains unpaid. . . .

"*When Action Necessary or Proper*—It is only where damages are claimed, or equitable relief which cannot be had on motion, that an action is necessary. But where the evidence is conflicting upon the material questions of fact arising upon the motion, the party seeking relief should be left to an action, rather than have the court determine questions upon *ex parte* affidavits."

The last paragraph of the above quotation refers (as do some other texts) to a proceeding in equity as distinguished from one at law. In Kansas all such distinctions have been abolished (G. S. 1935, 60-201) and there is no reason to refuse equitable relief upon proper motion in a civil action.

31 Am. Jur. 382, § 922, under the title "By Motion or Independent Proceeding," makes this statement:

"Ordinarily, the vacation of an entry of satisfaction of a judgment is made on motion. Sometimes, however, an independent proceeding for the vacation of an entry of satisfaction of a judgment is authorized. This may, in effect, be done by a court of chancery, especially where other equitable relief is required."

C. J. S. discusses the matter thus (49 C. J. S. 1069, 1070, § 584c):

"An application to set aside a satisfaction of judgment ordinarily is made by motion in the original action for an order canceling the entry or return of satisfaction, and directing execution to issue for so much of the judgment as remains unpaid.

"While a satisfaction of a judgment may be set aside by an action or suit in equity brought for that purpose, and sometimes *scire facias* or an action on the judgment is deemed an appropriate remedy, yet ordinarily the application to set aside is by motion in the original action for an order canceling the entry or return of satisfaction, and directing execution to issue for as much of the judgment as remains unpaid. A motion to set aside the satisfaction is properly made in the court in which the judgment is of record; but, except in some jurisdictions, an action or suit for this purpose may be brought in another court. . . .

"A motion to vacate an entry of satisfaction may be heard and determined on affidavits or depositions, if the court in the exercise of its discretion chooses to do so. Where, however, the evidence is conflicting on the material ques-

tions of fact arising on the motion, the party seeking relief should be remitted to an action, or to a court of equity, or an issue should be directed for a jury."

Where the evidence is conflicting upon the material question of fact, a court should not attempt to determine the issue in a summary proceeding by *ex parte* affidavits, and indeed that was not done by the trial court in the instant case. There was notice to the parties, both parties appeared and had a full hearing in open court, oral testimony was given by all witnesses and each witness was subjected to cross-examination.

Appellants cite no authority to support their argument that under such circumstances the trial court should have stricken plaintiff's "motion to set aside the release of judgment" and required plaintiff to institute a new and separate action in equity—and our diligent search has produced no such authority. On the other hand, there are many cases from other jurisdictions to support the procedure which the court below followed in this case. (*Knaak v. Brown*, 115 Neb. 260, 212 N. W. 431, 51 A. L. R. 237; *Lambert v. Hill*, 121 Okla. 225, 73 P. 2d 124; *Argue v. Wilson*, 3 Cal. App. 2d 645, 40 P. 2d 297; *Legum v. Farmer's Natl. Bank*, 180 Md. 356, 24 A. 2d 281; *Simon v. Lecker*, 231 Wis. 106, 285 N. W. 406; *Hays v. Sheffield Ice Co.*, 282 Mo. 446, 221 S. W. 705; *The People v. Parker*, 231 Ill. 478, 83 N. E. 282; *Leonard v. Ross et. al.*, 56 Okla. 118, 155 Pac. 885; *Kinnison v. Guaranty Liquidating Corp.*, 18 C. 2d 256, 115 P. 2d 450; *Com. for Use & Benefit of Bates v. Hall*, 251 Ky. 280, 64 S. W. 2d 585.)

In the last cited case a release of judgment was obtained by fraud on the part of the judgment debtor, and the Kentucky Court of Appeals said:

"We deem it unneedful to further extend this opinion by further quotation or citation of authorities in support of what appears to be the rule as quoted and clearly established by the authorities, that the satisfaction of a judgment is no more than a receipt, given in evidence of payment, and where made upon the record by mistake or fraud, the court where the record is, has the undoubted right upon proof of the facts, or notice to the parties, to strike off such improper entries. The Knott county court is by the express provision of the statute above quoted required to keep a record book showing the date of all its judgments and the date of the satisfaction of said judgments. The court, having thus imposed upon it such supervision and control of its judgments and their satisfaction, must, it would follow, likewise be vested with all the powers necessary to the proper and complete exercise of such supervision and control thereof and with the power, thus clearly jurisdictional with it to correct and purge from its records errors found by it to exist therein." (p. 285.)

Appellants next contend that the "motion to set aside the release of judgment" did not state a cause of action. It is true the motion itself omits most of the detail—but in support of it there was an affidavit of the plaintiff which spared no detail. Perhaps we need not here determine whether such a motion must withstand the test as to sufficiency of a petition, but from our careful examination of the motion and affidavit taken together, they seem to do so. The trial court did not err in overruling what defendants interchangeably refer to as "Motion to Strike" or "demurrer."

The next error claimed by appellants is that the court's finding and judgment of fraud were not sustained by the evidence. We have examined the record before us and there appears to be sufficient testimony to support the trial court's finding which is in part as follows:

"and that at the time of the execution of said instruments the plaintiff did not have knowledge of the judgment or its terms which she had released, and defendants knew this and did have knowledge of said judgment and were acting upon their own convictions and the advice of their attorneys. The Court further finds that none of the witnesses to the several instruments had information or knowledge of said judgment and could not give plaintiff information on same; that said instrument purporting to release said judgment is a fraud, void and of no effect and the parties did not deal on an equal basis."

Appellants also complain that timely demand for a trial by jury was made and the request was erroneously overruled by the trial court. In *Leonard v. Ross,* supra, the judgment debtor contended he was entitled to have a jury determine the issues presented by the motion to set aside the release and satisfaction of judgment, and the supreme court of Oklahoma said:

"The rule is there announced [*Poff v. Lockridge,* 22 Okla. 462, 98 Pac. 427] that a party resisting an application to vacate a judgment, or an order to strike a paper from the files, or to vacate the satisfaction of a judgment, is not entitled to a trial by jury, on the issues of fact arising from such application, but that the same must be tried by the court. It necessarily follows that it is not important whether such application be made by motion or by an action, since the court tries the issues in any event. There is no reason why the jurisdiction of the court may not be invoked by motion as well as by action in all cases wherein the statute does not specifically provide for bringing an action. In the instant case the parties were in court and were given an opportunity to be heard, and every element of jurisdiction was present, and it seems to have been properly exercised.

"Since every defense was available to complainants upon the motion that would have been upon a trial after issue joined in an action, they had their

day in court at the hearing of the motion, and have no ground of complaint on that score." (p. 123.)

In the instant case the question before the court was whether the release of judgment should be set aside because it had been obtained by defendants from the plaintiff through fraud. By its very nature the proceeding was one for equitable relief. Had plaintiff elected to file a separate equitable action to accomplish this purpose, the defendants would not have been entitled to a jury as a matter of right. It was the prerogative of the trial court to determine the issues raised by the evidence without the aid of a jury.

The last specification of error argued by appellants is that defendants were denied due process of law. The fundamental requisite of due process is *notice* and an *opportunity for a full and complete hearing*. In the instant case defendants and their attorneys had notice, they appeared in court at every step of the proceedings, they had a full and complete hearing, they offered all of their evidence by oral testimony and had the opportunity to cross-examine each of plaintiff's witnesses. There is no merit to appellants' contention that they were denied due process of law.

The judgment of the trial court is affirmed.