Chief Justice Robertson
delivered the Opinion of the Court.
A fieri facias in favor of Price against Boyd, was levied on a slave (George) in Boyd’s possession, and was sold to satisfy the execution. Afterwards, the administrators of John Parks, deceased, brought an action of tro-ver against Price, and the purchaser under the execution,, and the sheriff who sold the slave.
Matters which havebeen tried at law, cannot chancerT”'1
They pleaded Price’s judgment and execution and the sale under the execution, and averred, that the slave had been delivered to Boyd by the intestate .(his father in law,) upon loan, more than five years prior to the levy; that there had been no reservation in writing of any right in Parks, nor retoi ded n emorjal of the loan; and that Boyd had continued, from the date of the loan to the levy, in the uninterrupted possession of the slave, without demand by suit or otherwise.
Upon an issue on that plea, verdict and judgment were rendered in favor of the administrators, for the value of the slave. On a writ of error to this court, that judgment was affirmed.
Afterwards, the defendants in the action of trover filed a bill to injoin the judgment — alleging, among other things,- the same matter which had been pleaded at law, and praying for a perpetuation of the injunction, and for general relief.
On the hearing, the circuit court dissolved the injunction and dismissed the bill. This writ of error is prosecuted to reverse that decree.
The,first question for consideration,'is whether the plaintiffs in error had a right to reinvestigate in* chan-eery tiie tacts which were tried in the action at law.
The counsel for the plaintiffs insist, that the judgment is no bar, because, as he supposes, this court affirmed it on the ground that the plea was insufficient. But in this assumption he is, we think, mistaken. The only objection to the judgment which this court noticed,, was one which had been made to the replication to the plea; and the opinion of this court, as rendered, was that, though th e replication and plea were both defectiva, the defects in each were cured by the verdict. It .does not become necessary, therefore, to consider whether, if this court had affirmed'the judgment because the plea was insufficient, the chancellor would have had jurisdiction -to hear and determine facts which could not have been effectually tried in the action of trover, upon an inappropriate and insufficient plea. The casé at law was tried on the merits, and, as having been thus tried, the judgment *436 was affirmed by this court. The same matter cannot be reheard in chancery.
There can be no decree, but hat is based on allegations of the bill.
Where proper-t.y is taken and sold under execution, and a stranger claims and recovers it, or its value, the party who loses it, has a remedy in chancery against the defendant in the ex’on, whose debt was satisfied by the sale. The dismissal of a bill framed for one object, e. g. to compel one of the defendants to surrender property belonging to the other — will not bar another suit, on the same equity, framed for a different object, e. g. to subject the' defendant’sc/ioses in action
Affirmance as to one defendant; reversal as to another — plaintiffs pay costs to the former, and recover costs of the latter.
Nor can-the next ground taken by the plaintiffs — al.leged actual fraud — be available There is no allegation that would authorize a decree for relief on tiiat ground, so far as the slave is concerned. The hill does not allege that the intestate had ever given or sold the slave to Boyd, or that, as between themselves, the title had ever been vested in the latter.
But as the execution against Boyd had been satisfied by the sale of the slave to whom he had no-title, the execution creditor had a right to apply to the chancellor for a decree relieving him from the consequences of the sale, and compelling Boyd to satisfy the execution by actual payment. Jones vs. Henry et al. 3 Lit. Rep. 428, White vs. White et al. 7 J. J. Mar.
The circuit court erred, therefore, in dismissing the bill.
But it docs not appear that, in any other respect, the decree is erroneous. The bill docs not allege that Boyd is insolvent, or that he has any choses in action which the chancellor could subject to the payment of Price’s debt. It was not alleged that Boyd has any remaining interest in the estate of the intestate; on the contrary, it expressly charges that — uas things stand, Boyd and wife got their portion of their father's estate. ”' And, moreover, the answers affirm, that nothing is due to Boyd and wife from her father’s estate. It does not become necessary,, therefore, to enquire to what extent provision should be made for her and her children before a decree should be rendered for subjecting her husband’s interest in her father’s estate.
" If Boyd he insolvent, and have choses in action, or 'equitable interests, which might be subjected by the chancellor, this suit will be no bar to a bill properly framed for the purpose of subjecting such interests — because no such relief could he given on the hill filed in this case, and it does not appear to have been drawn with a view to such relief.
The decree dismissing the bill as to Boyd, is reversed’, and the canse remanded, with instructions to render a, *437 decree against him for the amount still due in equity to Price.
The plaintiffs in error must pay to the administrators and heirs of John Parks, deceased, who were parties in this case, their costs in this court; and Boyd must pay to the plaintiffs their costs expended in prosecuting this writ of error,