JOHN FOX V. STATE OF NEBRASKA, EX REL. JOSIE POWERS.

FILED DECEMBER 4, 1901, No. 10,679.

Commissioner's opinion, Department No. 2.

1. Satisfaction of Judgment: FRAUD: MOTION: INDEPENDENT ACTION. Where satisfaction of a judgment has been procured by fraud, the court may set the satisfaction aside on motion, upon notice and proper showing by affidavit, unless rights of others not parties to the action have supervened or would be unduly affected, or the evidence is conflicting on material questions of fact arising upon the motion, in which cases the party seeking relief should be left to an independent action.

2. Contract Lawful on Face: GOOD FAITH: INTENTION: FRAUD: THIRD PARTIES. A party who has entered into a contract lawful on its face, in good faith and for an honest purpose, is not precluded from relief because the other party may have intended to make fraudulent use of it as to a third person.

3. Fraudulent Satisfaction: RELIEF: SETTLEMENT: RESTORING MONEY. The party applying for relief against a fraudulent satisfaction of a judgment should be required to put the other party *in statu quo* by restoring moneys paid to him under the settlement.

4. Restitution: APPLICATION UPON JUDGMENT. If the sum due such party has been finally determined by judgment so that no further judicial ascertainment of liability, or the amount thereof, is necessary, and it does not appear that the sum paid was exempt, or for some other special reason ought to be restored directly, application and credit upon the judgment is a sufficient restitution.

ERROR from the district court for Butler county. Tried below before SEDGWICK, J. *Affirmed on conditions.*

*George P. Sheesley* and *C. H. Aldrich*, for plaintiff in error.

*Matt Miller* and *Arthur J. Evans*, contra.

POUND, C.

Josie Powers had recovered a judgment against John Fox in bastardy proceedings. After judgment Fox procured a written stipulation of settlement and satisfaction, reciting as a consideration the dismissal of error proceedings brought in the supreme court to review the judgment, and the payment of $250. This stipulation having been filed and of record some six months, a motion was made on behalf of the judgment creditor to set it aside for the reason that it was procured by fraud. An affidavit accompanied the motion, from which it appears that no error proceedings were in fact pending in the supreme court, nor was the sum of money recited in fact paid, but that the real consideration was a false and fraudulent promise to marry the judgment creditor at a time and place stated, which the judgment debtor did not, and did not intend to, carry out. No testimony was adduced to contradict this affidavit. Objections to the jurisdiction of the court to proceed upon motion and affidavit were filed in the form of a motion to dismiss, and overruled, after which the court entered an order setting aside the stipulation and satisfaction, and directing execution. We think the procedure followed and the order of the district court were proper and justified by the showing on file. In general, where satisfaction of a judgment has been procured by fraud or mistake, the proper course is to apply to the court in which is the record of the judgment by motion to set aside such satisfaction. *Chapman v. Blakeman*, 31 Kan., 684, 3 Pac. Rep., 277; *Potter v. Hunt*, 68 Mich., 242, 36 N. W. Rep., 58; *McGregor v. Comstock*, 28 N Y., 237; *Keogh v. Delany*, 40 N. J. Law, 97; *Haggin v Clark*, 61 Cal., 1. If rights of others, not parties to the original action, have supervened

or would be unduly affected, or if the evidence is conflicting on material questions of fact arising upon the motion, so that determination upon affidavits procured *ex parte* would be inexpedient and unsatisfactory, the party seeking relief should be left to an independent action. *Chapman v. Blakeman, supra; Parker v. Judge of Circuit Court,* 24 Mich., 407. Many cases of these several sorts have been cited to us by counsel. But they are not pertinent to the case at bar, in which no third persons are shown to have any interests in the judgment, or any rights which would be affected by the order setting aside the stipulation of settlement and satisfaction; nor is the showing that such stipulation was procured by gross fraud contradicted in any respect. Some objection might be taken to the form in which the affidavit is brought before us in the record. But we find that the original record was lost, and the stipulation supplying copies of the record below recites that such copies are to stand in lieu of a lost bill of exceptions. Hence we must assume that a bill of exceptions containing the affidavit was properly settled and before us until the original was lost.

With respect to the point made by counsel that the purpose of the settlement, as disclosed by the affidavit, was to defraud Fox's father, and that the parties, being *in pari delicto,* should have been left where they were, we can not so construe the testimony. She testifies that he said he had conveyed his farm to his father at the time the suit was begun, and desired the stipulation to show the latter, in order to obtain a reconveyance. The strong inference from what he said was that the conveyance to his father was fraudulent and that he was entitled to reconveyance whenever the state of the litigation made it prudent. She did not enter into the settlement with a view to getting or permitting him to get a farm to which he was not entitled, but with the intention of promoting the best interests of all, including her child, by the proposed marriage. The agreement was perfectly lawful on its face, and there is no necessary inference nor do we believe that she intended to

defraud any one or contemplated that the stipulation would be used for such a purpose. If he alone intended so to use it, she would not be affected. *Bartlett v. Smith,* 13 Fed. Rep., 263; *Gregory v. Wendell,* 40 Mich., 432; *Kottwitz v. Alexander,* 34 Tex., 689.

In one respect, however, we think the order should be modified. It appears from the showing on file that $40 was paid and received by the judgment creditor at the date of the fraudulent settlement, which she still retains. It is true, she states in her affidavit that such sum was not paid upon the judgment, nor as part of the consideration for the satisfaction and discharge, but was to be used in the purchase of clothing and for other necessary expenses in preparation for marriage. None the less she obtained the money as a part of and through the settlement she seeks to set aside. The promise of marriage was part of the settlement, and money paid to her in furtherance of that promise was acquired under the settlement. Where a satisfaction of a judgment is set aside, the same rule must apply as in other cases, and the party seeking such relief should be required to place the other *in statu quo.* Counsel contend that the order should be reversed because this was not done. We do not think a reversal is required. It has been judicially determined that Fox should pay $1,200. He has paid $40. It does not appear that the sum paid was exempt from execution or garnishment or that there is any reason why this sum, which he was legally bound to pay, should be returned to him. The cases wherein absolute restitution has been required have all been such that a further judicial ascertainment whether anything was due, and, if so, how much, was necessary. Cases where compromises before suit or settlements pending suit are set aside are of this sort. In the case at bar, every requirement of justice is subserved by applying the sum paid upon the judgment. Accordingly we think the judgment creditor should be required to make such application by a credit as of the date of the settlement, and that execution should issue for the remainder only.

We therefore recommend that in case the defendant in error, within forty days after filing of this opinion, file a proper acknowledgement of the receipt of $40 as a credit upon said judgment of the date of July 12, 1897, the order of the district court be affirmed.

OLDHAM, C., concurs. SEDGWICK, C., having presided in the court below, did not sit.

By the Court: For the reasons set forth in the foregoing opinion it is ordered that in case the defendant in error within forty days from the date hereof file a proper acknowledgment of the receipt of $40 as a credit upon said judgment of the date of July 12, 1897, the order of the district court be affirmed, otherwise to be reversed and the cause remanded.

JUDGMENT ACCORDINGLY.