ADA PANNELL, Respondent, v. CHARLES F. PAN-
NELL, Appellant.

St. Louis Court of Appeals, March 17, 1903.

Fraud: ORDER SETTING ASIDE ACKNOWLEDGMENT OF SAT-
ISFACTION OF JUDGMENT FOR ALIMONY. In the case at
bar the evidence is examined and it is *held* that the circuit court
in granting the order to vacate the record entry of satisfaction
of judgment for alimony is supported by the preponderance of tes-
timony upon the issue of fraud in obtaining respondent's signa-
ture.

Appeal from St. Louis City Circuit Court.—*Hon. D. D.
Fisher*, Judge.

AFFIRMED.

*W. H. Phelps, Jones, Jones & Hocker* and *A. H.
Roudebush* for appellant.

(1) The entry of satisfaction of a judgment upon
the record is prima facie evidence of payment and its
legal effect is the extinguishment of the judgment debt.
Hughes v. Streeter, 24 Ill. 647; Milligan v. Bowman,
42 Iowa 414; Parker v. Sedwick, 5 Md. 281; Rochester
Distilling Co. v. Devendorf, 72 Hun (N. Y.) 622; Carter
v. Adamson, 21 Ark. 287; 17 Am. and Eng. Ency. Law
(2 Ed.), 865. (2) The creditor may accept, instead
of money, anything of value, if he chooses, in satisfac-
tion of judgment and the consideration need not pass
prior to the entry of satisfaction. 17 Am. and Eng.
Ency. Law (2 Ed.), 861. (3) Courts will not grant
relief from the consequences of a mistake of law. Price
v. Estill, 87 Mo. 378; St. Louis v. Priest, 88 Mo. 602.

*Geo. S. Grover* and *Johnson, Houts, Marlatt &
Hawes* for respondent.

(1) The entry of satisfaction was not made in ac-
cordance with the terms of the statute, nor by the per-

sons authorized to make the same under our statutes. R. S. 1899, secs. 3730-3733. (2) An acknowledgment of satisfaction is not conclusive. It is merely a prima facie evidence of payment and may be contradicted as any other written receipt. Winter v. Railroad, 73 Mo. App. 195. (3) The acceptance of a part of the judgment for alimony, even though it had been received in full satisfaction, would not prevent the plaintiff from enforcing payment of the balance. Winter v. Railroad, 73 Mo. App. 194. (4) The entry of satisfaction of judgment may be vacated upon motion duly filed in the cause for that purpose. Laughlin v. Fairbanks, 8 Mo. 367; Cohen v. Camp, 46 Mo. 179.

REYBURN, J.—In an action then pending in the circuit court of the city of St. Louis, on April 23, 1894, the respondent, Ada Pannell, was awarded a decree of divorce from appellant, Charles F. Pannell, with alimony at the rate of $35 per month. On March 16, 1899, appellant filed in the Federal court a voluntary petition in bankruptcy and included in the schedule of his liabilities accompanying it as an indebtedness to respondent, arrears of alimony aggregating $2,094. On April 3, 1899, appellant obtained from respondent her signature to the following paper:

"Now at this day comes Ada L. Pannell and acknowledges satisfaction of judgment in the above entitled cause.

"Witness, W. C. Jones.

(Signed)                    "ADA L. PANNELL."

This acknowledgment of satisfaction was presented to the circuit court by the attorney of appellant and an entry of record made in the following language:

"Now comes plaintiff by attorney and here in open court acknowledges to have received full and complete satisfaction of the judgment heretofore entered herein."

On March 6, 1901, respondent filed a motion to set aside such entry of satisfaction, reciting as follows:

"Now comes the plaintiff in the above-entitled cause, and moves the court to set aside and for naught hold the entry of satisfaction of judgment heretofore, to-wit, on April 3, 1899, entered upon the records in said cause for the following reasons:

"1.   Said judgment was not in fact satisfied.

"2.   The acknowledgment of satisfaction procured by the defendant from the plaintiff was without any consideration whatever.

"3.   Said acknowledgment of satisfaction obtained from the plaintiff as aforesaid was not sufficient in law to authorize the entry of satisfaction made herein.

"4.   Said entry of satisfaction was not made in any of the manners prescribed by the statute in such cases made and provided, and for that reason was illegal and void.

"5.   The writing filed herein, acknowledging satisfaction of the judgment, was obtained from plaintiff by defendant through the defendant's false and fraudulent representations; that said writing was for the purpose, and only to be used for the purpose of enabling the defendant to secure a discharge in bankruptcy in the voluntary bankruptcy proceedings which he had instituted in the United States District Court for the eastern district of the State of Missouri, and for no other purpose, and that said writing would not diminish the plaintiff's rights and claims upon the defendant herein, but that in fact the defendant would do more for the plaintiff than the order allowing alimony required of him.   The plaintiff shows that she was ignorant and unadvised as to the legal effects of her said writing signed by her as aforesaid; that she had no counsel to advise her, and that she was persuaded by the said defendant to go with him to his attorney and advisor; that it was unnecessary for her to consult a lawyer in the premises; that his attorney would protect her rights and that his attorney had advised him that her rights would not be impaired by signing the acknowledgment of satisfac-

tion aforesaid; that said acknowledgment was pre-
pared by the attorney for the defendant and presented
to her for her signature in the office of defendant's coun-
sel and there signed by her upon the false and fraudu-
lent representations aforesaid.

"Wherefore, the premises considered, plaintiff
prays that the entry of satisfaction heretofore made as
aforesaid be vacated and for naught held, and that exe-
cution issue against defendant herein to enforce the de-
cree of the court heretofore rendered in this cause, al-
lowing plaintiff the sum of $35 per month as alimony."

On November 4, 1901, after hearing testimony, the
court sustained plaintiff's motion and ordered that the
entry of satisfaction be set aside and vacated, and after
proper steps defendant has appealed to this court.

The argument in print on behalf of appellant pre-
sents numerous points and authorities in support, but
in the oral argument his counsel confined the discussion
to the question whether fraud had been perpetrated by
appellant upon respondent in obtaining her signature
to the release or satisfaction, which he stated was the
only material question in the case.

The testimony at the hearing below on the part of
respondent tended to show that but an insignificant part
of the alimony had been paid; that appellant had impor-
tuned her frequently to sign a paper in regard to his
bankruptcy proceeding; that he had represented to her
that it would be necessary for her to sign an acknowl-
edgment of satisfaction in order that he might be ad-
judged a bankrupt; that he had assured her that he
would be in a better position to provide for her and that
her signing the satisfaction of judgment would in nowise
affect her right to alimony.

After several conversations he finally induced her
to accompany him to the office of his attorney, dissuad-
ing her from first consulting her own attorney, assign-
ing as reason that the paper she signed was only a mat-
ter of form and that there was no occasion for her to

incur the expense of professional advice in regard to it. Yielding to his solicitation and upon these representations she went to the office of his attorney who then prepared the acknowledgment of satisfaction which she signed and delivered to appellant's attorney, who thereafter presented it to the circuit court and obtained the entry of satisfaction above.

Appellant in his testimony upon the motion denied the version of respondent regarding her signature to the paper, and disclaimed any representations or statements to induce her action, except a promise to buy some household furniture, and he sought to establish by the purchase of household furniture shortly before the satisfaction was obtained, an independent and new consideration for its execution. But in addition to the fact that the furniture did not exceed four hundred dollars in cost and therefore would have been inadequate, the testimony further established that appellant caused the purchase to be made in the name of their son, Fred Pannell, and not in the name of his former wife, and that the latter paid the first installment of fifty dollars on the purchase price.

The appellant was contradicted on substantial questions at the hearing by every witness who was examined on material matters, including as well the furniture dealer from whom the furniture was purchased, and who was examined on appellant's behalf.

The ruling of the circuit court in granting the order to vacate the record entry of satisfaction finds abundant support in the testimony and is sustained by the preponderance of testimony upon the issue of fraud in obtaining respondent's signature, conceded by counsel for appellant to be the dominant feature presented, and it is, therefore, needless to discuss other reasons assigned by respondent for the correctness of the lower court's action and the judgment herein is accordingly affirmed. *Bland, P. J.,* and *Goode, J.,* concur.