## Lucas' Administrator, et al. v. Stanley, et al.

(Decided December 16, 1927.)

### Appeal from Laurel Circuit Court.

1. Execution.—Where property has been sold as property of execution debtor, and it develops that debtor had no title, purchaser at execution sale, who has paid debt and subsequently lost property, may sue debtor and recover amount so paid.

2. Judgment.—Execution creditor who purchased property at execution sale, and, after crediting execution debtor with amount paid by deduction thereof from judgment, lost most of property to third party claimant, had right to bring action in equity to

remove from the record credit which he had given execution debtor on the judgment and to have record corrected.

3. Judgment.—In suit by execution creditor purchasing at sale, against execution debtor to expunge and correct credit entered on judgment after property purchased or large portion thereof had been recovered by third party claimant, it was not necessary to allege in petition that judgment had not been set aside, satisfied, or appealed from, or that it was still in force and effect.

GEORGE G. BROCK for appellants.

J. K. LEWIS for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

Appellants recovered judgment in the Laurel circuit court against appellees for $528. An execution issued on the judgment and was levied on certain personal property as the property of appellees. It was sold and appellants, plaintiffs in the execution, purchased it, and, by virtue of the sheriff's return indorsed on the execution the appellees, the execution defendants, obtained credit on the judgment to the amount that the property levied on brought, when sold, something less than the full amount of the judgment. Afterwards the wife of one of the appellees claimed and recovered the greater portion of this property in an action for that purpose. Thereafter appellants instituted this action in equity against appellees to have the credit on the judgment expunged and corrected so as to show credit for only the purchase price of such of the property sold as was not recovered from the purchasers, and they pleaded the foregoing facts as constituting their equitable right to that relief. A demurrer to the petition was sustained by the trial court, and upon appellants declining to plead further the petition was dismissed. Hence the appeal.

Appellants purchased the property which had been levied on as property of appellees under the execution which issued on their judgment. The officer's return on the execution recited a satisfaction of the judgment to the extent of the sale price of the property purchased by them. Appellants insist then that, when a portion of the property was adjudged not to belong to appellees but to another who recovered it from them, they were entitled to have the credit on the judgment corrected to show the

true amount to which it is entitled to credit so that they may have other execution to recover the balance due. For appellees it is contended—and the trial court seems to have concluded—that the doctrine of caveat emptor applies to sales under execution, and that, although the property which appellants purchased as the property of appellees, the execution defendants, was not their property, and appellants acquired nothing by their purchase, yet their judgment against appellees was satisfied by the purchase, and they are not entitled to any relief under the facts here existing.

The doctrine seems to be well settled that, where property has been sold as the property of an execution debtor and it turns out that the debtor had no title and the purchaser who has paid the debt loses the property, he may sue the debtor and recover the amount so paid. See Anderson v. West, 80 Ky. 171; Salter v. Dunn, 1 Bush, 311; Geoghegan v. Ditto, 2 Metc. 433, 74 Am. Dec. 413; McLaughlin's Adm'r v. Daniel, 8 Dana 182; Head v. McDonald, 7 T. B. Mon. 203; McGhee v. Ellis, 4 Litt. 244, 14 Am. Dec. 124. This doctrine is supported by the great weight of authority in this country, as may be observed by reference to notes 65, 66, 67 and 68, on page 779 of 23 C. J. That doctrine has been applied in this court without distinction in cases where the plaintiff in the execution was the purchaser of the property and in cases where a stranger purchased it. For instance, in Price v. Boyd, 1 Dana 434, where exactly the same situation existed as here exists, it was said:

> "But as the execution against Boyd had been satisfied by the sale of the slave to whom he had no title, the execution creditor had a right to apply to the chancellor for a decree relieving him from the consequences of the sale, and compelling Boyd to satisfy the execution by actual payment."

It is true, of course, that, where a stranger purchases the property and subsequently loses it to its real owner, the only action for relief for him is an action to recover from the execution debtor the amount which he has so paid for him. Where the case, however, is one in which the property is purchased by the execution creditor, and where by virtue of the sale under execution the judgment is credited with the purchase price of the property sold, it would seem that he might have either the action to re-

cover the amount so paid for the execution debtor, or an equitable action against him to remove from the record the credit on the judgment to which the execution debtor is not entitled, and thus make it possible to collect his debt by having a second execution to issue on the judgment already obtained. This latter proceeding appears to be the only remedy in cases where the sale is vacated or proves to be invalid. The rule in that class of cases is thus written in 34 C. J. p. 743, section 1133:

> "Where property is sold under execution or judgment and bought in by the judgment creditor, or the proceeds collected from the purchaser and satisfaction entered, but the sale proves to be invalid or is afterwards vacated, the entry of satisfaction will be stricken off on the application of the creditor."

For these reasons this court concludes that the chancellor erroneously adjudged that appellants have no cause of action against appellees for the relief sought in their petition.

It is insisted for appellees that the petition herein was defective because it is nowhere alleged that the judgment has not been set aside, satisfied, or appealed from, or that it is now in force and effect. This is not an action on the judgment originally recovered by appellants from appellees. The sole relief sought herein is removing from the record the credit on the judgment to which under the facts pleaded it appears appellees are not entitled. There was no necessity to plead that the judgment has not been set aside, satisfied, or appealed from, or is yet in force and effect. This and the other objections to plaintiffs' petition to the effect that it defectively states appellants' cause of action, and therefore is demurrable, are all predicated upon the misconceived idea that this is an action on the judgment which appellants formerly recovered from appellees.

For the reasons indicated, the judgment herein is reversed, and the cause remanded for other proceedings consistent herewith.