## Holbrook et al. v. Combs, Ex-Sheriff, et al.

(Decided December 21, 1928.)

HAWK & LEWIS for appellants.

HARRY L. MOORE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Reversing.

J. S. Holbrook and W. G. Holbrook brought this action against James Combs, ex-sheriff of Letcher county, M. T. Reynolds, the present sheriff of Letcher county, S. P. Combs, clerk of the Letcher circuit court, the commonwealth of Kentucky, and A. O. Stump, commonwealth's attorney, to enjoin the collection of a sale bond and the levy of an execution issued thereon. A demurrer was sustained to the petition, and the petition was dismissed. Plaintiffs appeal.

The facts pleaded are, in brief, as follows: On July 31, 1925, the clerk of the Letcher circuit court issued an execution on a replevin bond in the case of Commonwealth of Kentucky v. Roy Justice, Hobson Osborne, C. H. Back, A. V. Sergent, and C. S. Day. On September 7, 1925, James Combs, then sheriff of Letcher county, levied the execution on a vacant lot in the town of Whitesburg, Letcher county, as the property of A. V. Sergent. On October 5, 1925, the property was sold at the courthouse door in the town of Whitesburg. In the hearing of J. S. Holbrook the sheriff read the description of the property, stated that it was owned by A. V. Sergent, and that it was free and unincumbered. Thereupon J. S. Holbrook became the purchaser of the property, and he, with W. G. Holbrook as surety, executed bond for the purchase price, payable six months after date. The sale was then reported to the Letcher circuit court. As a matter of fact, the property sold was owned by Marie Sergent, the wife of A. V. Sergent, and A. V. Sergent had no interest whatever in the property. The statements of the sheriff that the title to the property was in A. V. Sergent, and that it was free from all liens and incumbrances, were fraudulent, and made for the purpose of perpetrating a fraud upon the plaintiff J. S. Holbrook and other persons who bid upon the property. The fact that A. V. Sergent had no interest in the property was known to the sheriff, James Combs, when he sold the property, and was not known to plaintiffs. In making the purchase plaintiff J. S. Holbrook relied upon the false and fraudulent statements made by the sheriff. Upon an investigation of the record after the sale, plaintiffs ascertained for the first time that the title to the property was in Marie Sergent instead of A. V. Sergent.

On April 12, 1926, the clerk of the Letcher circuit court issued an execution on the sale bond against the plaintiffs, which execution, unless enjoined and restrained from so doing, M. T. Reynolds, the present sheriff of Letcher county, will levy upon the property of the plaintiffs and cause them great and irreparable injury.

It has long been the settled rule that the doctrine of caveat emptor applies to execution sales. All that this means is that there is no implied warranty of title, and that the purchaser takes the risk. However, it must not be overlooked that at an early day the same doctrine was applied with equal strictness to judicial sales made under order of court. It was not long, however, until the injustice of the rule became apparent, and the courts began to find ways of relieving the purchaser of his bargain where the title proved defective, with the result that the rule of caveat emptor has been somewhat relaxed, and it now is generally held that a purchaser at a judicial sale is entitled to expect and obtain a sound and marketable title to the property sold. Where no such title is conveyed, the sale will be set aside where timely exceptions are filed. We perceive no good reason why the strict rule of caveat emptor should not be relaxed with respect to execution sales. Courts of equity should always be on the alert to prevent a manifest injustice. It is difficult to look with complacency on a rule that requires the purchaser at an execution sale to pay for something he does not get, or that permits the judgment creditor or debtor to profit at the expense of the purchaser and to have his claim satisfied by the sale of the property of a stranger. Manifestly if execution sales were subject to confirmation by the courts, there would be no reason why the court should not deal with the situation as it does with ordinary judicial sales. Standing in the way is the old rule that the bond of the purchaser and the return of the officer that he has sold and taken such bond completely discharge the judgment and stand in lieu thereof, and for this reason a court of equity will not enjoin the payment of the bond on the ground that the purchaser acquired no title, but that his remedy is either against the judgment debtor or the sheriff. McGhee v. Ellis, 4 Litt. 244, 14 Am. Dec. 124; Forsythe v. Ellis, 4 J. J. Marsh. 299, 20 Am. Dec. 218. Notwithstanding the above rule, we have held that in case of fraud by the execution creditor, or the designation by

him for sale of property not belonging to the debtor. the sale bond may be enjoined by the purchaser, or he may recover of the execution creditor the consideration paid.

Thus in Wolford v. Phelps, 2 J. J. Marsh. 31, where plaintiff applied for an injunction against bonds which he had given to secure the purchase price of land sold upon execution, it appearing that after the sale the judgment creditor, who was present thereat, claimed to have a mortgage on the land, the court held that this was fraud, and said further: "We cannot well imagine a case of the sale of land, by a sheriff under execution, when the land was not subject to the execution, unless it has been brought about through fraud or mistake, not on the part of the purchaser, most frequently, but on the part of others. We do not perceive any insuperable reason, founded in public policy, we know of no express adjudication, and we cannot find any principle of morality, which prohibits a purchaser at sheriff's sale, from asking at the hands of the chancellor, relief against a sale bond, executed without consideration, through a fraud practiced upon him, or through mistake. Consequently, we shall not estop the complainant in this case, by saying to him caveat emptor." In Brummel v. Hurt, 3 J. J. Marsh. 709, an action for an injunction against sale bonds given by the purchaser, we held that when, by the interference or express order of the creditor, property is sold by execution to satisfy his debt, he is responsible to the bona fide purchaser if it shall turn out that the property belonged to a stranger, and if the amount has not been paid over it may be enjoined. The court said that the creditor would not be remediless, and added: "He may get clear of the effect of the return on the execution, by motion to quash or amend the return, or otherwise, by scire facias." In Sanders v. Hamilton, 3 Dana, 550, the court said: "If a plaintiff in an execution has been instrumental in causing the property of a stranger to be sold, we can see no principle of reason, or of law, that would exonerate him from responsibility to the purchaser. . . . We think he is liable at least to the extent of the consideration paid." The court said further: "As we have said, that the purchaser will have a right to recover back the consideration paid, it is evident that he may attain that object by a special action of assumpsit, or by the general indebitatus assumpsit. The latter form of action is sanctioned by this court, in favor of assignees

against assignors, upon assigned notes; which is predicated on the failure of the consideration of the assignment. And this form of action is sustainable in all cases, where the consideration paid is money, and is sought to be recovered on the ground of fraud or the failure of consideration. It is an equitable action, and will lie in all cases, where the defendant has money in his hands, which, ex æquo et bono, or according to the principles of moral justice, he ought to refund.'' And it was held that the case should have been sent to the jury, to have passed upon the question of the defendant's agency in the sale, and whether it was such as to render him responsible to the plaintiff.

We have also held that, where the execution was satisfied by the sale of a slave to whom the judgment debtor had no title, the execution creditor had a right to apply to the chancellor for a decree relieving him of the consequences of the sale and compelling the execution debtor to satisfy the execution by actual payment. Price v. Boyd, 1 Dana, 434. In the recent case of Lucas's Adm'r v. Stanley, 222 Ky. 374, 300 S. W. 889, we held that an execution creditor, who had purchased property at an execution sale and subsequently lost most of the property to a third party claimant, had a right to bring an action in equity to remove from the record credit which had been given to the execution debtor, and to have the record corrected.

Here the property sold has not been removed from the jurisdiction of the court, and the parties are still within the jurisdiction of the court. If the allegations of the petition be true, the sheriff sold the property of a stranger, and the sale itself was void. Spears v. Weddington, 146 Ky. 434, 142 S. W. 679. If a court of equity may relieve the execution creditor of the consequences of an invalid sale, we fail to see any sound reason why the same court rendering the original judgment, inasmuch as there is no adequate remedy at law, may not in the circumstances deal with the entire situation by setting aside the void sale and relieving the purchaser of his obligation to pay for property which he does not get, and removing from the record the credit which had been given the execution debtor on the judgment. In other words, all that the court has to do is to restore the status quo existing prior to the void sale, and if this be done no injustice will result either to the execution credi-

tor or the execution debtor and a grave injustice to the purchaser will be prevented. It is conceded that the judgment is not satisfied by the sale, and that relief may be granted where the judgment creditor is guilty of fraud, or designates the property to be sold. We fail to see why the rule should be so limited. The judgment creditor has set in motion the legal machinery whereby the sale of a stranger's property has been illegally made. The mistake is one of fact, and he should not be permitted to profit by the transaction at the expense of the innocent purchaser. The cases of McGhee v. Ellis, supra, and Forsythe v. Ellis, supra, and other like cases, to the extent that they announce a contrary doctrine are hereby overruled.

It follows that the demurrer to the petition was improperly sustained.

On the return of the case, A. V. Sergent will be made a party so that the rights and liabilities of all concerned may be determined in the one action.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.