## Commonwealth, for Use and Benefit of Bates et al. v. Hall.

(Decided Nov. 10, 1933.)

D. G. BOLEYN for appellant.

H. H. SMITH for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming in part and reversing in part.

This appeal involves the jurisdiction of the Knott county court of a proceeding to cancel and set aside an entry of satisfaction of judgment entered upon the record margin of the judgment rendered in a bastardy proceeding in said court.

The facts are that at the September term, 1928, of the Knott county court, Lula Little and her illegitimate child, Walter Douglas Little, suing in the name of the commonwealth of Kentucky, recovered a judgment against Lawrence Hall, defendant therein, in the sum of $2,880, payable in quarterly installments of $45 each until the said infant, Walter Douglas Little, should arrive at the age of 18 years, and which judgment is of record in the Knott County Court Order Book No. 8, p. 186. On September 22, 1928, Lula Little married Fred Bates. Soon after this marriage, Lawrence Hall, it appears acting in concert with others, caused the appellant Lula Little Bates and her husband to go, late

in the night, to the county clerk's office in Hindman, the county seat of Knott county, and there in the presence of the clerk to sign a receipt reciting payment to appellant, in full satisfaction of the said bastardy judgment recovered by her, which receipt was spread on the margin of the court's record of the judgment and attested by the clerk of the court. Plaintiff claims this receipt of satisfaction should be set aside upon the ground that she was coerced into making such acknowledgment of satisfaction of the judgment through fraud, duress, threats, and acts of violence towards her and that she had received no consideration whatsoever therefor.

In February, 1929, the appellant Lula Little Bates, complaining of such alleged fraudulent and coercive treatment of her by the appellee Lawrence Hall and associates, filed her petition, suing in the name of the commonwealth of Kentucky for the benefit of herself and Walter Douglas Little, her son, in the Knott county court against appellee Lawrence Hall, therein seeking cancellation of said entry of satisfaction of the judgment recovered against appellee by her. The action was on January 4, 1930, which action was by agreement of parties transferred to the Knott circuit court. In said petition, it is alleged that said receipt of satisfaction of said judgment was procured by fraud and duress as therein set out, and that although the receipt recited that she then received payment of the amount of said judgment, not one cent was paid her, but that the receipt was procured without consideration and is for such reason null and void. Wherefore, she prayed that the said receipt of satisfaction of the judgment so entered upon the record, be set aside and declared void, and that an order then be entered directing an execution to be issued upon said judgment for all past-due installments and to issue hereafter on default of the payments of said installments as they should become due.

Said receipt of satisfaction of judgment spread upon the margin of same, where it appears of record in the said county court order book, and duly attested by the clerk of said court, is as follows:

"Received of Lawrence Hall $2880.00, for benefit of Walter Douglas Little, in full of judgment rendered in the case of Commonwealth of Kentucky

against Lawrence Hall, pending in the Knott County Court, on a charge of bastardy and in which judgment was rendered at the August term of the Knott County Court. This 9-28-28.

"Lula Little Bates.

'Witness:
    "Earl Martin
    "Troy Mullins"

The cause being submitted to the court for judgment upon the pleadings, proof, and exhibits filed, and the defendant Lawrence Hall having filed special demurrer to the jurisdiction of the court of the subject-matter of the action, the court adjudged as follows:

"This cause having been transferred to this Court by agreement of the parties from the Knott County Court, and the defendant having filed his Special Demurrer to the plaintiff's petition because the County Court had no jurisdiction of the subject matter, and the court, having considered the same and being advised, is of the opinion that the County Court did not have original jurisdiction of the subject matter of the action, and the transfer of the said action by agreement of the parties from the county court to this court did not confer upon this Court jurisdiction and therefore the demurrer to the jurisdiction of the court is sustained.

"The plaintiff declining to plead further, it is ordered by the court that the plaintiff's petition be and the same is now and hereby dismissed * * *."

From this judgment of the circuit court, holding that the county court did not have jurisdiction of the subject-matter and that the transfer of the cause by agreement to the circuit court was not effectual to give it jurisdiction and dismissing appellant's petition, this appeal is prosecuted and presents for our review the question of whether or not the Knott county court did have original jurisdiction of the subject-matter of the suit seeking to set aside and purge its records of the receipt of satisfaction of the judgment entered thereon by the siad court.

By section 388a-1 it is provided that:
"The county judges * * * shall keep a record called judgment book, in which shall be entered all judgments, civil and criminal, and same shall be alphabetically cross-indexed. * * * The record so re-

quired to be kept in such judgment book shall show the date of the judgment, the name of the plaintiff and defendant, the order book and page thereof on which entered, and the date of the satisfaction of said judgment when satisfied.''

At common law, the defendant, upon motion in court, could have satisfaction entered of record.

Section 303, p. 831, vol. 15, R. C. L., headed ''Grounds for Vacating Satisfaction,'' states in part that:

''A court of chancery has jurisdiction to vacate a satisfaction of judgment effected through a void execution sale of lands. * * * Where an attorney exceeds his authority in entering a satisfaction of a judgment without any actual receipt of the money, such an entry of satisfaction may be vacated as far as the rights of the parties are concerned.''

Also, by section 302 of this same volume, entitled ''Setting Satisfaction Aside,'' it is said:

''On proper grounds an entry of satisfaction of a judgment may be vacated, either by motion or by an independent proceeding for that purpose. When a motion is the procedure adopted, it is a matter for the court to consider rather than a clerk of the court, for the setting aside of the vacation of a judgment is a judicial act, and involves the exercise of a sound judicial discretion. Whatever mode of procedure is pursued to cancel the record of the satisfaction of a judgment, the remedy sought is governed by equitable rules, the ultimate question being whether it is inequitable, for the person relying thereon to avail himself of the entry of satisfaction.''

Further, in 34 C. J. sec. 1131, entitled ''Vacation or Correction—Power of Court or Clerk,'' it is said:

''A court of law, by virtue of its control over its own records, has inherent power on proper application to vacate an entry of satisfaction, or to reverse an erroneous entry and make a correct entry nunc pro tunc; and it is not necessary to resort to equity in order to obtain relief.''

In support of the text that an entry of satisfaction made subsequent to the term may be set aside on mo-

tion, there is cited in note thereunder on page 733, vol. 34, C. J., the cases of Wand v. Ryan, 166 Mo. 646, 65 S. W. 1025; Cohen v. Camp, 46 Mo. 179; Fox v. State, 63 Neb. 185, 88 N. W. 176; City of Philadelphia v. Simon, 12 Pa. Super. Ct. 159.

By section 1132 of the same volume, the general rule as to the court's jurisdiction of the vacation or correction of its records is thus expressed:

"The court will vacate an entry of satisfaction of a judgment in pursuance of an agreement of the parties to that effect, or where it was entered by mistake of the clerk or plaintiff, or procured by misrepresentation, fraud, duress, or undue influence, or when it appears to have been irregularly or improperly entered * * *."

Again by section 1136 of the same volume it is stated:

"While a satisfaction of a judgment may be set aside by an action or suit in equity, brought for that purpose, * * * yet ordinarily the application to set aside is by motion in the original action for an order cancelling the entry or return of satisfaction, and directing execution to issue for so much of the judgment as remains unpaid. * * * But where the evidence is conflicting upon the material questions of fact arising upon the motion, the party seeking relief should be remitted to an action, or to a court of equity, or an issue should be directed for a jury. A motion to set aside the satisfaction is properly made in the court where the judgment is of record; but, except in some jurisdictions, an action or suit for this purpose may be brought in another court."

In the case of Lucas' Adm'r et al. v. Stanley et al., 222 Ky. 374, 300 S. W. 889, it was held by this court that an execution creditor, who purchased property at execution sale, and, after crediting execution debtor with amount paid by deduction thereof from judgment, lost most of property to third party claimant, had right to bring action in equity to remove from the record credit which he had given execution debtor on the judgment and to have record corrected.

In 51 A. L. R. p. 243, we find a very full and exhaustive annotation to the there reported case of Knaak v. Brown, 115 Neb. 260, 212 N. W. 431. In the reported

case it was held that a "satisfaction of judgment" is but a receipt, and like a receipt, in the absence of intervening equities, may be explained or avoided by satisfactory evidence that payment was not in fact made, or, though made, satisfaction has become inoperative by reason of reversal of judgment, the vacating of sale, or any other cause rendering it inequitable for the defendant to avail himself of entry of satisfaction.

In the annotation there given to this case, covering grounds for vacation of satisfaction of judgment for fraud, duress, or undue influence or from mistake or improper entry, it is said: "Fraud in its various forms has been recognized in many jurisdictions as a sufficient ground for the vacation of an entry of satisfaction of judgment," reciting cases from New York, New Jersey, Pennsylvania, California, and other jurisdictions so holding.

Among these is the case of Murphy v. Flood, 2 Grant, Cas. (Pa.) 411. In that case it was said:

"If an entry of satisfaction be made upon the record by mistake, by fraud, or by falsely personating the plaintiff, the court where the record is, has an undoubted right upon proof of the facts, on notice to the parties, to strike off such improper entry."

In Keogh v. Delany, 40 N. J. Law, 97, the court in support of its like holding said that where there had been a cancellation of judgment by fraud and mistake, the court had power to vacate such entry and restore the lien of judgment, subject to the rights of intervening creditors who had in good faith relied on the satisfaction.

Again, in Boynton v. Boynton, 186 Mo. App. 713, 172 S. W. 1175, 1176, the court said:

"Mere satisfaction or release of a judgment is no more than a receipt as evidence of payment * * *."

Again, in Hayes v. Sheffield Ice Co., 282 Mo. 446, 221 S. W. 705, it was held that an entry of satisfaction of judgment, made by a minor who, pending appeal, is induced to accept a compromise payment without consulting his attorney, may be vacated and set aside as unfairly secured. To like effect, also see Pannell v. Pannell, 73 S. W. 289.

We deem it unneedful to further extend this opinion by further quotation or citation of authorities in

support of what appears to be the rule as quoted and clearly established by the authorities, that the satisfaction of a judgment is no more than a receipt, given in evidence of payment, and were made upon the record by mistake or fraud, the court where the record is, has the undoubted right upon proof of the facts, or notice to the parties, to strike off such improper entries. The Knott county court is by the express provision of the statute above quoted required to keep a record book showing the date of all its judgments and the date of the satisfaction of said judgments. The court, having thus imposed upon it such supervision and control of its judgments and their satisfaction, must, it would follow, likewise be vested with all the powers necessary to the proper and complete exercise of such supervision low, likewise be vested with all the powers necessary for and control thereof and with the power, thus clearly jurisdictional with it, to correct and purge from its records errors found by it to exist therein.

In the instant case appellant sought by an action filed in the Knott county court to have the court purge from its records the alleged improper and wrongful entry of satisfaction of the judgment recovered by appellant therein, upon the grounds that her entry of satisfaction of the judgment upon the court's records was wrongfully secured from her through appellee's threats of violence, fraud, and duress, and was without consideration.

In view of the rule declared generally by the authorities as above cited and quoted, we are of the opinion that the county court, by reason of its given supervisory control over its records, clearly was vested with ample authority and jurisdiction of the subject-matter of the action, here seeking of the court its correction of the alleged errors so appearing therein; to direct a vacation of the entry of satisfaction, such jurisdiction to be exercised upon due hearing by it of the action upon its merits.

We are, therefore, of the opinion that the lower court erred in that part of its judgment wherein it held that the county court was without jurisdiction of the subject-matter of the action to correct the alleged wrongful entry of satisfaction of judgment appearing upon its records, and therefore, for the reasons indicated, its judgment is in such respect we deem errone-

ous and it is reversed; but its judgment, in so far as it held that it was without jurisdiction of said cause, (even though transferred from the lower court to it by agreement of parties, as same could not confer jurisdiction as to the subject-matter thereof), being in accord with our views herein expressed, is proper and is therefore to such extent affirmed.

From this it follows as stated that the judgment is affirmed in part, and reversed in part and remitted to the lower court, with directions to remand the case to the county court for trial and for further proceedings consistent with this opinion.