LIFESTYLES OF JASPER, INC., Appellant,

v.

Nikki GREMORE (Now Nikki Acuff), Appellee.

No. 2008–CA–001396–DG.

Court of Appeals of Kentucky.

Nov. 6, 2009.

Stanley K. Spees, Paducah, KY, for appellant.

No Brief for Appellee.

Before KELLER, STUMBO, and VANMETER, Judges.

## OPINION

VANMETER, Judge.

Lifestyles of Jasper, Inc. (Lifestyles) appeals from an order of the Calloway Circuit Court affirming the Calloway District Court's order sustaining Nikki Acuff's garnishment challenges and vacating the default judgment in favor of Lifestyles. Lifestyles' motion for discretionary review was granted by this court for the limited purpose of determining whether Lifestyles' filing of Internal Revenue Service (I.R.S.) Form 1099–C evinced cancellation of Acuff's debt. For the following reasons, we reverse and remand for further proceedings consistent with this opinion.

In 2002, Lifestyles filed this action to collect on an unpaid account. Acuff failed to respond, and the district court granted Lifestyles' motion for a default judgment. The record reflects that Lifestyles intermittently attempted to collect the judgment. After three years of unsuccessful collection efforts, Lifestyles filed a Form 1099–C, Cancellation of Debt, with the I.R.S. for calendar year 2006. After the filing of a 2007 garnishment with Acuff's employer that resulted in payments being withheld from Acuff's wages, Acuff filed a garnishment challenge with the district court based on the Form 1099–C. The district court upheld the challenge, ordered Lifestyles to return the amounts collected, and held that the default judgment had been discharged. The Calloway Circuit Court affirmed the district court and this appeal followed.

On appeal, a trial court's factual findings, if supported by substantial evidence, will be upheld as not being clearly erroneous. *See Owens–Corning Fiberglas Corp. v. Golightly,* 976 S.W.2d 409, 414 (Ky.1998); CR 52.01. "With regard to the trial court's application of law to those facts, we engage in a *de novo* review." *Keeney v. Keeney,* 223 S.W.3d 843, 848–49 (Ky.App.2007). "The trial court's interpretation of a garnishment or exemption statute is, of course, a question of law." *Brown v. Commonwealth,* 40 S.W.3d 873, 875 (Ky.App.1999). "This Court reviews the trial court's legal conclusions *de novo.*" *Id.* (citing *Louisville & Nashville R.R. v. Commonwealth ex rel. Ky. R.R. Comm'n,* 314 S.W.2d 940, 943 (Ky.1958)).

The undisputed evidence before the trial court was that Acuff owed a judgment to Lifestyles and had made no payments.

Lifestyles had made sporadic attempts to collect. In response to I.R.S. regulations which appear to require the filing of a Form 1099–C, Cancellation of Debt, Lifestyles did so. However, while the district and circuit courts held that Acuff's debt was discharged due to Lifestyle's filing of Form 1099–C, the regulations [1] and I.R.S. rulings [2] make clear that Form 1099–C is to be utilized for reporting purposes only, and not as evidence of an actual discharge of indebtedness. Thus, the issue in this case is whether the district court abused its discretion by sustaining Acuff's challenges to Lifestyles' garnishments, and holding that the default judgment was discharged.

■ The district court apparently was persuaded by Acuff's defense that Form 1099–C cancelled the debt, or satisfied the judgment, despite I.R.S. rulings to the contrary in similar cases, *see* I.R.S. Priv. Ltr. Rul.2005–0207; I.R.S. Priv. Ltr. Rul. 2005–0208. Kentucky's highest court, however, long ago recognized that a judgment creditor may have a satisfaction of judgment set aside upon proof that the entry was made by mistake or fraud. *Commonwealth ex rel. Bates v. Hall,* 251 Ky. 280, 64 S.W.2d 585, 586 (1933); *see also* 47 Am.Jur.2d *Judgments* § 843 (2006) (noting "[a]s between the parties, a satisfaction of judgment, although absolute and unqualified on its face, may be cancelled and set aside upon motion and proof that satisfaction was entered by mistake; was procured by misrepresentation, fraud, duress, or undue influence; or was irregularly or improperly entered"). While the decision in *Bates* was directed towards mistake, duress, or fraud, we hold that it is sufficiently broad to cover the instant situation in which a judgment creditor files a form to comply with I.R.S. regulations. Since the only evidence before the trial court was that the judgment had not been paid and that Lifestyles filed the Form 1099–C only to comply with I.R.S. regulations, and not in satisfaction of the debt, the district court abused its discretion in holding that the judgment was discharged.

The order of the Calloway Circuit Court is reversed and remanded, with directions to remand the case to the Calloway District Court to reinstate the default judgment and garnishment order, and to direct Acuff to repay Lifestyles any and all sums previously collected but remitted to her as a result of her challenges to the garnishment, and to make any and all payments due on the account until the judgment herein is satisfied.

ALL CONCUR.

1. 26 Treas. Reg. § 1.6050P–1(a) (2009) provides, in part, as follows: [A]ny applicable entity [including any organization a significant trade or business of which is the lending of money] that discharges [in whole or in part] an indebtedness of any person ... during a calendar year must file an information return on Form 1099–C with the Internal Revenue Service. Solely for purposes of the reporting requirements of section 6050P and this section, a discharge of indebtedness is deemed to have occurred ... if and only if there has occurred an identifiable event described in paragraph (b)(2) of this section, whether or not an actual discharge of indebt- edness has occurred on or before the date on which the identifiable event has occurred.

2. I.R.S. Priv. Ltr. Rul. 2005–0207, 2005 WL 3561135 (Dec. 30, 2005) ("The Internal Revenue Service does not view a Form 1099–C as an admission by the creditor that it has discharged the debt and can no longer pursue collection."); I.R.S. Priv. Ltr. Rul. 2005–0208, 2005 WL 3561136 (Dec. 30, 2005) ("Section 6050P and the regulations do not prohibit collection activity after a creditor reports by filing a Form 1099–C.").