[Cite as *Chivaho Credit Union v. McGuire*, 2012-Ohio-5878.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| CHIVAHO CREDIT UNION, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No: 12CA3307 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| CHRISTOPHER MCGUIRE, ET AL., | : | JUDGMENT ENTRY |
| | : | |
| Defendants-Appellants. | : | Filed: November 28, 2012 |

_____

APPEARANCES:

James E. Kolenich, Cincinnati, Ohio, for Appellant, Loren McGuire.

Jennifer Monty Rieker, Weltman, Weinberg & Reis Co., L.P.A., Cleveland, Ohio, for Appellee.

_____

Kline, J.:

{¶1}    Loren McGuire (hereinafter "Loren") appeals the judgment of the Chillicothe Municipal Court.  The trial court (1) granted summary judgment against Loren and (2) awarded Chivaho Credit Union (hereinafter "Chivaho") the unpaid balance on a promissory note.  On appeal, Loren argues that his debt to Chivaho was rendered uncollectible by the issuance of Internal Revenue Service Form 1099-C.  We disagree. Based on the Internal Revenue Service's own interpretation of the relevant statute and regulations, we find that Loren's debt to Chivaho is collectible.  Accordingly, we overrule Loren's assignment of error and affirm the judgment of the trial court.

I.

**{¶2}**   Loren co-signed a car loan for Christopher McGuire (hereinafter "Christopher").  After Loren and Christopher defaulted on the loan, Chivaho repossessed the car and sold it.

**{¶3}**   In April 2010, Chivaho issued Internal Revenue Service Form 1099-C in relation to Loren's debt.  Form 1099-C is entitled "Cancellation of Debt," and a creditor must issue the form "if there has occurred an identifiable event described in [26 C.F.R. 1.6050P-1(b)(2)]."  26 C.F.R. 1.6050P-1(a)(1).  As a result of the 1099-C, Loren "was required to, and did, report the amount located in Box 2 of the form ($9,255.03) as income on [his] 2010 tax return."  December 15, 2011 Affidavit of Loren McGuire.

**{¶4}**   On August 5, 2010, Chivaho filed the present case against Loren and Christopher.  Chivaho alleged that Loren and Christopher still owed $3,489.74 on the promissory note for the car loan.  (Eventually, the trial court dismissed the complaint against Christopher without prejudice.)

**{¶5}**   On April 11, 2011, Chivaho filed for summary judgment against Loren only.  Loren responded that summary judgment was inappropriate because Chivaho had "cancelled the debt at issue herein in April 2010."  Defendant's Response in Opposition to Summary Judgment at 1.  Essentially, Loren argued that Chivaho could no longer collect the debt after the issuance of Form 1099-C.  Loren further argued the following: "[Chivaho] cancelled this debt in April 2010 and did not file this lawsuit until August 2010.  As there was no debt left to be collected by August 2010[,] the plaintiff cannot prove damages and summary judgment must be denied."  *Id.* at 2.

**{¶6}**   Despite Loren's argument to the contrary, the trial court granted summary judgment in favor of Chivaho for $3,489.74 plus interest.

{¶7}   Loren appeals and asserts the following assignment of error: "THE COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY GRANTING PLAINTIFF[']S MOTION FOR SUMMARY JUDGMENT[.]"

II.

{¶8}   In his sole assignment of error, Loren argues that the trial court erred when it granted summary judgment in favor of Chivaho.

{¶9}   "Because this case was decided upon summary judgment, we review this matter de novo, governed by the standard set forth in Civ.R. 56." *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8.  Summary judgment is appropriate only when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party.  Civ.R. 56(C).  *Accord Bostic v. Connor*, 37 Ohio St.3d 144, 146, 524 N.E.2d 881 (1988); *Grimes v. Grimes*, 4th Dist. No. 08CA35, 2009-Ohio-3126, ¶ 14.  In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. *Doe v. First United Methodist Church*, 68 Ohio St.3d 531, 535, 629 N.E.2d 402 (1994).

{¶10}  The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment.  *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996).  However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or

as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). *Accord Grimes* at ¶ 15.

**{¶11}** "In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail." *Grimes* at ¶ 16. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." *Morehead v. Conley*, 75 Ohio App.3d 409, 412, 599 N.E.2d 786 (4th Dist.1991). *Accord Grimes* at ¶ 16.

**{¶12}** Loren makes just one argument in support of his assignment of error. That is, Loren contends that the issuance of Form 1099-C "had the legal effect of rendering the debt uncollect[i]ble." Brief of Appellant at 4. But we disagree that Loren's debt to Chivaho is now "legally non-existent[.]" *Id.* Instead, we find that Chivaho may collect the debt even after the issuance of Form 1099-C.

**{¶13}** We base our finding on the Internal Revenue Service's own interpretation of the relevant statute and regulations.[1] "The United States Supreme Court instructs us that courts do owe deference to an agency's rulemaking authority." *Charvat v. Dispatch Consumer Servs., Inc.*, 95 Ohio St.3d 505, 2002-Ohio-2838, 769 N.E.2d 829, ¶ 22, citing *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843-844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). As the *Chevron* Court held,

> When a court reviews an agency's construction of the statute
>
> which it administers, it is confronted with two questions.

---

[1] 26 U.S.C. 6050P is entitled "Returns relating to the cancellation of indebtedness by certain entities," and 26 C.F.R. 1.6050P-1 is entitled "Information reporting for discharges of indebtedness by certain entities."

First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

"The power of an administrative agency to administer a congressionally created * * * program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress." *Morton v. Ruiz*, 415 U.S. 199, 231, 94 S.Ct. 1055, 1072, 39 L.Ed.2d 270 (1974). If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation. Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute. Sometimes the legislative delegation to an

agency on a particular question is implicit rather than explicit. In such a case, a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency. (Footnotes omitted.)  *Chevron* at 843-844.

**{¶14}** In the present case, the precise question is whether the issuance of Form 1099-C renders a debt uncollectible.  26 U.S.C. 6050P does not answer this particular question, and Congress did not expressly delegate for the Internal Revenue Service to provide an answer.  Nevertheless, the Internal Revenue Service has declared it "does not view a Form 1099-C as an admission by the creditor that it has discharged the debt and can no longer pursue collection."  I.R.S. Info. Ltr. 2005-0207, 2005 WL 3561135 (Dec. 30, 2005).  More specifically, the Internal Revenue Service has declared the following:

Section 1.6050P-1(a)(1) of the regulations provides that solely for purposes of the reporting requirements of section 6050P of the Code, a discharge of indebtedness is deemed to have occurred upon the occurrence of an identifiable event whether or not there is an actual discharge of indebtedness.  *Section 6050P and the regulations do not prohibit collection activity after a creditor reports by filing a Form 1099-C.*  (Emphasis added.)  I.R.S. Info. Ltr. 2005-0208, 2005 WL 3561136 (Dec. 30, 2005).

Therefore, according to the Internal Revenue Service, the issuance of Form 1099-C does not render a debt uncollectible.

**{¶15}** In our view, the interpretations of the Internal Revenue Service are reasonable. Therefore, we must defer to the Internal Revenue Service and find that Loren's debt to Chivaho is still collectible. *See In re Zilka*, 407 B.R. 684, 688-689 (Bankr.W.D.Pa.2009) (deferring to the Internal Revenue Service's interpretation of Form 1099-C); *Lifestyles of Jasper, Inc. v. Gremore*, 299 S.W.3d 275, 277 (Ky.App.2009) ("[W]hile the district and circuit courts held that [appellee's] debt was discharged due to [appellant's] filing of Form 1099-C, the regulations and I.R.S. rulings make clear that Form 1099-C is to be utilized for reporting purposes only, and not as evidence of an actual discharge of indebtedness.") (Internal footnotes omitted). We acknowledge some courts have found that the issuance of Form 1099-C might actually cancel a debt, thereby rendering the debt uncollectible. *See, e.g.*, *Amtrust Bank v. Fossett*, 224 P.3d 935, 223 Ariz. 438 (Ariz.App.2009); *Franklin Credit Mgt. Corp. v. Nicholas*, 812 A.2d 51, 73 Conn.App. 830 (Conn.App.2002); *Gorbaty v. Portfolio Recovery Assoc.*, 3d Cir. No. 09-3327, 2009 WL 4642371 (Dec. 9, 2009). But these courts did not address the Internal Revenue Service's own interpretation of the relevant statute and regulations. Therefore, because of the deference that must be afforded to the Internal Revenue Service, we do not find these cases to be persuasive. *See Chevron* at 843-844.

**{¶16}** In conclusion, Loren's debt to Chivaho was not rendered uncollectible by the issuance of Form 1099-C. As a result, we reject Loren's sole argument and find the following: (1) there are no genuine issues of material fact; (2) Chivaho is entitled to judgment as a matter of law; and (3) reasonable minds can come to just one conclusion,

and that conclusion is adverse to Loren.  Accordingly, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. & McFarland, J.:  Concur in Judgment & Opinion.


                              For the Court


                              BY:_____
                                   Roger L. Kline, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**